# In the United States District Court
# for the Southern District of Florida

| | | |
|---|---|---|
| Ivan R. FREITES C | | Mr. Orlando VIERA-BLANCO |
| Guillermo ZARRAGA | | Mr. Gustavo E. LAINETTE |
| Eladio MATA | | Mr. Jose V. CARRASQUERO |
| Gustavo RODRIGUEZ | | John Doe 1 (@douglasarrecho) ; |
| Jose VILLASANA | | John Doe 2 (@lucioquincioc); |
| Juan MARTINEZ | **v.** | John Doe 3 (@turgelles); |
| Carlos MARQUEZ | | John Doe 4 (Leaker) |
| Jesus CARRILLO | | John Doe 5 (@zuricht94) |
| Miguel E. OTERO | | John Doe 6 (@bea_libertad); |
| Jorge Alejandro RODRIGUEZ | | John Doe 7 (@canadiensedeVzl); |
| **Plaintiffs,** | | **Defendants,** |

FILED BY_____ D.C.

OCT 28 2024

ANGELA E. NOBLE
CLERK U.S. DIST CT.
S. D. OF FLA. - MIAMI

**COMPLAINT FOR violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), Invasion of Privacy (Public Disclosure of Private Facts); Negligence; Breach of Fiduciary Duty; violation of Federal Wire Fraud Statute; violation of Communications Decency Act (CDA); Civil Conspiracy; Conspiracy to Violate Civil Rights; Defamation of Character, Intentional Infliction of Emotional Distress (IIED).**

**Demand For Jury Trial**

## COMPLAINT

Plaintiffs respectfully file this Complaint, acting *pro se*, against Defendants for **violation of the   Racketeer Influenced and Corrupt Organizations Act (RICO), violation of Privacy, violation of Federal Wire Fraud Statute, violation of Communications Decency Act (CDA), Conspiracy to Violate Civil Rights, Defamation of Character,**   and other violations to Federal and State Laws. Plaintiffs demand for a Jury Trial.  Plaintiffs allege as follows:

## I. INTRODUCTION

This action arises out of Defendants' coordinated efforts to harm the Plaintiffs, who have been advocating for the collective benefit of unionized workers as well as for their own rights in different courts both in the United States as well as in other countries and international courts. These actions from Defendants include the coordinated production and broadcasting of defamatory and damaging material, violation of privacy, coordinated aggravated defamation, all in violation of State and Federal laws, actions which have caused irreparable harm to the Plaintiffs and their families.

## II. PARTIES

## PLAINTIFFS:

Plaintiffs are union members, representatives, advocates for workers' rights, and freedom of expression activists engaged in ongoing litigation in courts in the United States, the Interamerican Human Rights Courts, and other international proceedings.

**Plaintiff Ivan R. FREITES C.** is a recognized Venezuelan union leader and workers' rights advocate residing in the State of Florida.

**Plaintiff Guillermo ZARRAGA** is a recognized Venezuelan union leader and workers' rights advocate residing outside the State of Florida. Mr. ZARRAGA was recently released from political imprisonment in Venezuela in exchange for a number of US citizens imprisoned in Venezuela, most of them executives of oil corporation CITGO Petroleum Corporation. Mr. ZARRAGA was incarcerated by the Venezuelan regime of Nicolas Maduro in November 16th, 2020 and released in December 20th, 2023.

**Plaintiff Eladio MATA** is a recognized Venezuelan union leader and workers' rights advocate residing outside the State of Florida in Atlanta, Georgia. Mr. MATA survived an assasination attack (shot in the chest) perpetrated by PDVSA agents in Venezuela while in his duties as union leader for the Sindicato de Obreros de la Alcaldia Metropolitana de Caracas.

**Plaintiff Gustavo RODRIGUEZ MOTA** is a recognized Venezuelan union leader and workers' rights advocate residing in the State of Florida. Mr. RODRIGUEZ MOTA had to forcefully flee his homecountry due to life threats due to his duties as union leader for the Sindicato de Empleados de la Alcaldia Metropolitana de Caracas.

**Plaintiff Jose VILLASANA** is a recognized Venezuelan union leader and workers' rights advocate residing in the State of Florida. Mr. VILLASANA had to forcefully flee his homecountry due to life threats related to his duties as union leader for the Sindicato de Trabajadores del Aluminio (SINTRALUM).

**Plaintiff Juan MARTINEZ** is a recognized Venezuelan union leader and workers' rights advocate residing outside the State of Florida in Spain. Mr. **MARTINEZ** had to forcefully flee his homecountry due to life threats related to his duties as union leader for the Sindicato de Trabajadores de SINCOR Oriente - Anzoategui (SINTRASINCORAN) .

**Plaintiff Carlos MARQUEZ** is a recognized Venezuelan union leader and workers' rights advocate residing outside the State of Florida in Spain. Mr. **MARQUEZ** had to forcefully flee his homecountry due to life threats related to his duties as union leader for the Sindicato de Trabajadores de SINCOR Oriente - Anzoategui (SINTRASINCORAN) .

**Plaintiff Jesus CARRILLO** is a blue collar unionized oil worker residing outside the State of Florida, victim of abuse and harmed by Petroleos de Venezuela S.A.

**Plaintiff Miguel E. OTERO** is a worldwide recognized newspaper editor and advocate of freedom of press residing in a foreign country.

**Plaintiff Jorge Alejandro RODRIGUEZ** is a businessman and advocate for workers' rights who resides in a foreign country.

## DEFENDANTS:

**Defendant Orlando VIERA-BLANCO,** a Florida resident, broadcasted statements that either violated Plaintiffs' privacy through social media, including revealing their migration status and identities in violation of court orders, to perjudicate the ongoing advocacy and litigation in Federal Courts by defamation of Plaintiffs. This reckless disclosure exposed Plaintiffs to severe risks, including threats to their lives and freedom, property damage, physical and psychological damage and the need to go into hiding due to credible threats in Venezuela. According to official public records the address of defendant is:

Mr. Orlando VIERA-BLANCO

5223 NW 94th Doral Pl.

Doral, FL 33178

**Defendant Gustavo LAINETTE,** a Florida resident, broadcasted through social media a number of professionally produced defamatory videos against Plaintiffs, presumably produced by himself in combination with other unknown individuals; as well as other defamatory content. This reckless disclosure exposed Plaintiffs to severe risks, including threats to their lives and freedom, property damage, physical and psychological damage and the need to go into hiding due to credible threats in Venezuela. Defendant LAINETTE has a criminal record in Florida. According to official public records the address of defendant is:

> Mr. Gustavo E. LAINETTE
>
> 1550 NE 168th St
>
> Apt 208
>
> North Miami Beach, FL 33162

**Defendant Jose Vicente CARRASQUERO,** a Florida resident, broadcasted defamatory statements that violated Plaintiffs' privacy through social media, including revealing their migration status and identities in violation of court orders, broadcasted through social media a number of professionally produced defamatory videos against Plaintiffs, all in a coordinated effort to harm the reputation of Plaintiffs and the ongoing advocacy and litigation in Federal Courts by defamation of Plaintiffs. This reckless disclosure exposed Plaintiffs to severe risks, including threats to their lives and freedom, property damage, physical and psychological damage and the need to go into hiding due to credible threats in Venezuela. According to official public records the address of defendant is:

> Mr. Jose V. CARRASQUERO
>
> 3800 Hillcrest Dr Apt 902

Hollywood, FL 33021

**Defendants** controlled or co-opted various social media broadcasters and entities to assist in their illegal activities. This includes, among others, the email distribution accounts and databases of institutions to which they are linked by membership, directorship or similar; among others these include the social media accounts of Ven America (Venezolanos y Americanos, Inc.), a Florida Corporation presided by Defendant Orlando VIERA-BLANCO, and Resistencia Venezolana Corp., an inactive Florida corporation presided by Defendant Gustavo LAINETTE. A number of individuals collaborated by Defendants to participate in these activities.

A number of additional co-conspirators  collaborated in the broadcasting and distribution of a number of damaging videos and statements.

The John DOE Defendants are individuals responsible for the propagation of damaging posts through the X (formerly Twitter) accounts of:

John **Doe 1 (@douglasarrecho)** ; Defendant

John **Doe 2 (@lucioquincioc)**; Defendant

John **Doe 3 (@turgelles)**; Defendant

John **Doe 5 (@zuricht94)**; Defendant

John **Doe 6 (@beatrizgarcia)**; Defendant

John **Doe 7 (@linocarrillo)**; Defendant

Whose identification is yet to be confirmed or investigated by Plaintiffs.

The **John Doe 4 (Leaker)** Defendant is (are) the individual(s) that provided sealed information to Defendants VIERA-BLANCO, LAINETTE and CARRASQUERO in order to be disseminated, the identity of said John Doe 4 (Leaker) Defendant is yet to be determined.

## III. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under federal statutes, including the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961-1968; the 18 U.S.C. § 1512 Tampering with a Witness, Victim, or Informant; the 18 U.S.C. § 1343 Violation of Federal Wire Fraud Statute; 18 U.S.C. § 1513 Retaliation Against a Witness, Victim, or Informant; 18 U.S.C. § 2261A Interstate Stalking; Communications Decency Act, 47 U.S.C. § 230; the Civil Rights Act, 42 U.S.C. § 1985.

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District, and Defendants are residents and conduct business in this District.

## IV. FACTUAL ALLEGATIONS

**Defendant Orlando VIERA-BLANCO**  On May 24, 2024, Defendant Orlando VIERA-BLANCO published a Twitter thread revealing the identities of Plaintiffs in case 1:23-CV-00989-JLH, despite a court order sealing such identities (except for two of the Plaintiffs who had waived such privilege).  The purpose of the action of Defendant VIERA-BLANCO was to harass Plaintiffs and expose their lifes to risk in all senses. The broadcasting of the names of Plaintiffs  exposed Plaintiffs to significant danger, including threats to their lives and freedom, and forced some of Plaintiffs into hiding. The information disclosed in the Twitter thread by VIERA-BLANCO included details that were sealed by court order.  The reckless behavior of Defendants has caused irreparable harm to Plaintiffs, including threats, harassment, and severe emotional distress and damage.

Defendant VIERA-BLANCO amplified the damaging disclosures through social media accounts associated with non-profit organizations he controls, increasing the risk to Plaintiffs by further disseminating confidential information with actual malice. Defendant VIERA-BLANCO is a well educated person, with thorough knowledge of law and the consequences of his actions.The social media account of Ven America (Venezolanos y Americanos, Inc; a Florida Corporation) ; presided by Orlando VIERA-BLANCO broadcasted and amplified the damaging statements of VIERA-BLANCO through the VenAmerica social media accounts. At this moment Plaintiffs do not assert a specific responsibility on any other principal, director, the corporate entities, or similar of of the corporations whose accounts in X (formerly Twitter), Instagram, etc. were used to harm Plaintifss and are managed by Defendant VIERA-BLANCO.

Evidence in possession of Plaintiffs indicate that Defendant VIERA-BLANCO acted in combination with Defendant CARRASQUERO to organize and conduct these activities in order to jeopardize a number of legal proceedings in the United States, headed by Plaintiffs.

**Defendant Gustavo LAINETTE** broadcasted through social media a number of professionally produced defamatory videos and other content against Plaintiffs and  amplified the damaging videos through social media accounts associated with non-profit organizations he controls, increasing the risk and damages to Plaintiffs by further disseminating damaging information with actual malice and reckless disregard for the truth.   The social media accounts of  Resistencia Venezolana, an inactive corporation incorporated in Florida,  founded and presided by Defendant Gustavo LAINETTE broadcasted and amplified the damaging statements of LAINETTE through the Resistencia Venezolana social media accounts.

Evidence in possession of Plaintiffs indicate that Defendant LAINETTE acted in combination with Defendants  CARRASQUERO  and  VIERA-BLANCO  to organize  and  conduct  these  activities  in  order  to  jeopardize  a  number  of  legal proceedings in the United States, headed by Plaintiffs.

**Defendant Jose Vicente CARRASQUERO,** a Florida resident, broadcasted defamatory statements that violated Plaintiffs' privacy through social media, including revealing their migration status and identities in violation of court orders, broadcasted through social media a number of professionally produced defamatory videos against Plaintiffs, all in a coordinated effort to harm the reputation of Plaintiffs and the ongoing advocacy and litigation in Federal Courts by defamation of Plaintiffs. Defendant CARRASQUERO is a specialist in political campaigns and holds a PhD in a related field. Defendant CARRASQUERO used his knowledge to coordinate a smear campaign against Plaintiffs and led the actions of said criminal group. This reckless disclosure exposed Plaintiffs to severe risks, including threats to their lives and freedom, property damage, physical and psychological damage and the need to go into hiding due to credible threats in Venezuela. Evidence in possession of Plaintiffs indicate that Defendant CARRASQUERO was presumably hired and paid by foreign entity to organize and conduct these activities in order to jeopardize a number of legal proceedings in the United States, headed by Plaintiffs.

Defendants John Doe 1 (@douglasarrecho) ; John Doe 2 (@lucioquincioc); John Doe 3 (@turgelles); John Doe 5 (@zuricht94); John Doe 6 (@beatrizgarcia); John Doe 7 (@linocarrillo); collectively "The Doe Defendants" published, broadcasted or created a number of damaging broadcasts and publications simultaneously, similar or identical to those of the known Defendants.

All Defendants acted in a coordinated manner in all these actions. The defamatory statements made by Defendants were false and made with actual malice, as Defendants knew and recklessly disregarded the truth.

The John Doe 4 (Leaker) Defendant provided information sealed by court order to Defendants VIERA-BLANCO, LAINETTE and CARRASQUERO in order to be disseminated.

As a direct result of Defendants' wrongful and defamatory actions, Plaintiffs have suffered significant harm, including damage to their reputations, emotional distress, threats to their safety and other damages. All these damages have been suffered by the families of Plaintiffs as well.

## V. CAUSES OF ACTION

## COUNT I: VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. §§ 1961-1968

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants engaged in a pattern of racketeering activity, including acts of fraud and obstruction of justice, in violation of 18 U.S.C. §§ 1961-1968.

Defendants acted with the intent to harm Plaintiffs' reputations and wellbeing, targeting Plaintiffs to interfere with their ongoing legal proceedings.

Through coordinated efforts, Defendants conspired to defame, intimidate, and obstruct justice, all in furtherance of a scheme to undermine judicial processes involving Plaintiffs.

Plaintiffs have suffered and continue to suffer substantial harm, including reputational damage, emotional distress, and compromised safety, as a direct result of Defendants' actions.

## COUNT II: VIOLATION OF THE FEDERAL WIRE FRAUD STATUTE  18 U.S.C. § 1343

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants knowingly used electronic communications, including social media platforms and email, as part of a scheme to harm and defraud Plaintiffs, in violation of 18 U.S.C. § 1343.

By disseminating false and malicious information, Defendants intentionally caused harm to Plaintiffs' reputations, security, and ongoing advocacy efforts.

Plaintiffs have suffered measurable harm as a direct consequence of Defendants' scheme.

## COUNT III: VIOLATION OF THE COMMUNICATIONS DECENCY ACT (CDA) 47 U.S.C. § 230

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants used social media platforms to disseminate false and defamatory statements, targeting Plaintiffs with the intent to harm, in violation of 47 U.S.C. § 230.

Although the CDA provides some immunity for online platforms, it does not protect individuals who maliciously use these platforms to disseminate defamatory content.

Defendants' actions directly resulted in reputational and emotional harm to Plaintiffs.

## COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. § 1985(2)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants conspired to deprive Plaintiffs of their civil rights, including rights to privacy, security, and freedom from harassment, in violation of 42 U.S.C. § 1985(2).

Defendants acted with the intent to intimidate and interfere with Plaintiffs' participation in legal proceedings, using threats and coordinated efforts to obstruct justice.

As a direct result of Defendants' conduct, Plaintiffs suffered significant harm, including emotional distress, reputational damage, and threats to their safety.

## COUNT V: TAMPERING WITH AND RETALIATION AGAINST VICTIMS 18 U.S.C. §§ 1512, 1513

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants engaged in tampering and retaliatory actions in violation of 18 U.S.C. § 1512 (Tampering with a Witness, Victim, or Informant) by intimidating Plaintiffs to prevent their participation in legal proceedings.

Defendants further violated 18 U.S.C. § 1513 (Retaliation Against a Witness, Victim, or Informant) by retaliating against Plaintiffs for their legal advocacy, disclosing sealed information to cause harm.

Plaintiffs suffered substantial harm, including threats, emotional distress, and reputational damage, as a result of Defendants' actions.

## COUNT VI: INTERSTATE STALKING  18 U.S.C. § 2261A

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants' actions constitute cyberstalking and harassment across state lines in violation of 18 U.S.C. § 2261A.

Defendants used electronic communications and social media to engage in a course of conduct that has caused Plaintiffs emotional distress and reasonable fear for their safety.

Plaintiffs continue to suffer psychological harm and distress as a direct consequence of Defendants' actions.

## COUNT VII: DEFAMATION (LIBEL AND SLANDER)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants made false and defamatory statements about Plaintiffs, both in writing (libel) and orally (slander), with the intent to damage Plaintiffs' reputations.

These statements were broadcasted and published to third parties through various channels, including social media and other media platforms, reaching a wide audience.

Defendants acted with actual malice, knowingly publishing false information with reckless disregard for the truth.

Plaintiffs and their families have suffered significant harm, including reputational damage, emotional distress, and threats to their safety.

Pursuant to Florida defamation law (Florida Statutes § 770.01 et seq.), Plaintiffs notified Defendants by certified mail, email, and other means, demanding retraction of the defamatory content. Defendants failed to comply, thereby entitling Plaintiffs to compensatory and punitive damages.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Under Florida law, IIED claims require outrageous conduct that goes beyond all bounds of decency. Defendants' actions in publicly disclosing Plaintiffs' private and sealed information meet this standard.

Defendants acted intentionally or recklessly, knowing that their actions would cause Plaintiffs severe emotional distress.

Plaintiffs have endured severe psychological suffering as a result of Defendants' conduct and seek compensatory damages for this harm.

## COUNT IX: BREACH OF FIDUCIARY DUTY

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendant John Doe 4 held a fiduciary duty to Plaintiffs, obligated to maintain confidentiality and act in Plaintiffs' best interests.

Defendants breached this duty by disclosing confidential and sealed information, violating their duty of loyalty and confidentiality.

As a result, Plaintiffs have suffered direct harm, including reputational damage, financial harm, and loss of trust, for which they seek compensatory and punitive damages.

## COUNT X: INVASION OF PRIVACY (PUBLIC DISCLOSURE OF PRIVATE FACTS)

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants publicized private, non-public information about Plaintiffs, including sealed court documents, without any legitimate public interest.

The disclosure was highly offensive and unjustifiable, as it involved sensitive and protected information.

Plaintiffs suffered reputational damage, embarrassment, and other personal harm as a result of this invasion of privacy, and they seek compensatory damages.

## COUNT XI: NEGLIGENCE

Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

Defendants, particularly John Doe 4, owed a duty of care to protect the confidentiality of Plaintiffs' sealed information, as required by both legal standards and court orders.

Defendants breached this duty by disclosing confidential information without authorization, violating the protective measures in place.

Plaintiffs have suffered economic losses, reputational damage, and emotional distress due to Defendants' negligence, and they seek compensatory damages for these harms.

## VII. JURY TRIAL DEMAND

Pursuant to the provisions of FRCP Rule 38. Right to a Jury Trial and of Florida Rules Civil Procedure Super. Ct. 38 and 39, Plaintiffs formally make this demand and application for a jury trial in this lawsuit. Plaintiffs hereby demand trial by jury for all causes of action, claims or issues in this action which are triable as a matter of right to a jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief for each cause of action, Plaintiffs request that this Court grant the following relief:

## VI. DAMAGES

Plaintiffs hereby adopt and incorporate by reference each and every allegation and paragraph above as if fully set forth herein. Defendants' actions and omissions, as described above, have proximately caused injuries to Plaintiffs, entitling Plaintiffs to recover reasonable and appropriate compensation, as follows:

## A. Compensatory Damages

Plaintiffs seek compensatory damages in an amount to be determined at trial, including but not limited to the following:

1. **Emotional Distress and Mental Suffering:**
   - Recovery for past and future emotional distress, pain, and suffering resulting from Defendants' actions.
2. **Reputational Harm:**

- Damages for injury to Plaintiffs' personal and professional reputation caused by Defendants' defamatory statements.

3. **Lost Wages and Earning Capacity**:

- Recovery for lost wages, diminished earning capacity, and any impairment to professional opportunities.

4. **Medical Expenses**:

- Recovery for past and future expenses related to psychological treatment, therapy, and other medical costs associated with emotional and psychological harm.

5. **Security-Related Expenses**:

- Costs incurred for personal and family security measures in response to threats arising from Defendants' disclosures.

6. **Pecuniary Loss**:

- Damages for harm to Plaintiffs' business interests, professional activities, and advocacy work.

**B. Defamation and Reputational Harm**

Plaintiffs seek damages for defamation, including:

1. **Harm to Reputation and Privacy**:

- Compensation for injury to Plaintiffs' reputation, privacy interests, and professional activities.

2. **Personal and Professional Standing**:

- Recovery for injury to Plaintiffs' standing in personal and professional contexts.

## C. Special Damages

Plaintiffs seek special damages, including:

(a) Past and future medical expenses;

(b) Past and future physical pain and mental anguish;

(c) Past and future physical impairment;

(d) Past lost wages and future lost wage-earning capacity;

(e) Past and future pecuniary losses;

(f) Attorneys' fees and administrative expenses associated with litigation.

## D. Pre-Judgment and Post-Judgment Interest

Plaintiffs request pre-judgment and post-judgment interest at the statutory rate, or as otherwise set by the Court.

## E. Punitive Damages

Plaintiffs seek punitive damages to penalize Defendants for willful, malicious, and reckless conduct, particularly in making and disseminating defamatory statements and infringing Plaintiffs' privacy and security interests. Plaintiffs assert that exemplary damages should not be capped, in accordance with Florida law.

## F. Exemplary and Treble Damages:

- Plaintiffs seek exemplary damages under Florida law, asserting that statutory caps on punitive damages do not apply to this case.

- Treble damages are requested under applicable federal statutes and common law, where permitted, including but not limited to:
  - **RICO**: Treble damages under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1968) for Defendants' pattern of racketeering activity;
  - **Civil Rights Conspiracy**: Damages under 42 U.S.C. § 1985 for conspiracy to violate Plaintiffs' civil rights;
  - **Communications Decency Act**: Damages under 47 U.S.C. § 230 for intentional dissemination of defamatory content;
  - **Wire Fraud Statute**: Damages under 18 U.S.C. § 1343 for Defendants' electronic means to perpetuate fraud.

## G. Injunctive Relief

Plaintiffs request that the Court issue an injunction:

1. **Prohibiting Defamatory Conduct**:
   - Enjoining Defendants from further defamatory publications and ordering removal of all defamatory and damaging content on media platforms under Defendants' control.

2. **Privacy Protections**:
   - Enjoining Defendants from disclosing Plaintiffs' sealed or confidential information.

3. **Protection from Harassment**:
   - Enjoining Defendants from making threats, harassment, and intimidation against Plaintiffs through online or other means.

4. **Public Retraction**:
   - Requiring Defendants to issue a public retraction of the defamatory statements made about Plaintiffs.

## H. Preservation of Confidentiality

Plaintiffs request that the Court preserve the confidentiality of Plaintiffs' sealed identities in ongoing judicial proceedings and prohibit any unauthorized disclosure of such identities.

## I. Attorneys' Fees and Costs

Plaintiffs seek reasonable attorneys' fees, court costs, and litigation expenses, as permitted by RICO and other applicable statutes.

## J. Additional and Other Relief

Plaintiffs request any additional relief to which they may be entitled under federal and Florida law, including but not limited to:

1. **Statutory and Common Law Damages**:
   - Any additional damages allowed under Florida law, including uncapped exemplary damages.

2. **Further Relief**:
   - Any relief deemed just, equitable, and proper under the circumstances by this Court.

## IX. DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues triable under the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure.

## X. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, Plaintiffs certify to the best of our knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiffs agree to provide the Clerk's Office with any changes to the address where case related papers may be served.  Plaintiffs understand that failure to keep a current address on file with the Clerk's Office may result in the dismissal of the case.

Respectfully submitted on the 27th of October, 2024,

> **Ivan R. FREITES C**
> **Pro se**
> % Villasana
> 4370 NW 107 Ave
> Apt 102
> Doral 33178

| Plaintiffs | Address | Signature |
| --- | --- | --- |

| | | |
|---|---|---|
| **Ivan R. FREITES C.**<br>**Guillermo ZARRAGA**<br>**Eladio MATA**<br>**Gustavo RODRIGUEZ**<br>**Jose VILLASANA**<br>**Carlos MARQUEZ**<br>**Juan MARTINEZ** | % Villasana<br>4370 NW 107 Ave<br>Apt 102<br>Doral 33178 | *(signatures)* |
| **Jesus CARRILLO**<br>**Miguel E. OTERO**<br>**Jorge Alejandro**<br>**RODRIGUEZ** | % Rodriguez<br>Eichholzstrasse 2<br>6312 -Steinhausen | *(signatures)* |