November 12th, 2024

**Honorable Cecilia M. Altonaga**

Chief United States District Judge

Southern District of Florida



FILED BY_____ D.C.

NOV 13 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Re: Request for Acceptance of Filing Outside of Standard Hours**

**Case No.: 24-24176-CIV-ALTONAGA/Reid**

**Plaintiffs: Ivan R. Freites C., et al.**

**Defendants: Orlando Viera-Blanco, et al.**

Honorable Judge Altonaga,

We respectfully write to request that the Court accept the filing of documents as timely in the above-referenced case, despite the circumstances preventing completion of the filing process before the official closing time on November 12, 2024.

On this date, Plaintiff Gustavo Rodriguez arrived at the Clerk of Court's Lobby entrance at approximately 4:26 p.m., within the published lobby hours of 8:30 a.m. to 4:30 p.m., carrying the necessary documents for filing in compliance with Order (D.I.5). He was granted access to the building and proceeded to the docketing office, arriving around 4:32 p.m. Despite his timely arrival, access to the docketing

office was not permitted. Mr. Rodriguez attempted to contact the office staff by intercom and waited for assistance but received no response.

Given the published hours for business conclude at 5:00 p.m., Plaintiffs believe they were in substantial compliance with filing deadlines and that access to the docketing office should have been made available. Due to the circumstances outlined above, we respectfully pray that the Court accept the documents as duly filed for legal purposes.

Thank you for your consideration of this matter, and we apologize for any inconvenience. Please do not hesitate to contact us should additional information be required.

Respectfully submitted,

**Ivan R. FREITES C**

**Pro se**

℅ Villasana

4370 NW 107 Ave

Apt 102

Doral 33178

| Plaintiffs | Address | Signature |
|------------|---------|-----------|

| | | |
|---|---|---|
| **Ivan R. FREITES C.**<br>**Guillermo ZARRAGA**<br>**Eladio MATA**<br>**Gustavo RODRIGUEZ**<br>**Jose VILLASANA**<br>**Carlos MARQUEZ**<br>**Juan MARTINEZ** | % Villasana<br>4370 NW 107 Ave<br>Apt 102<br>Doral 33178 | |
| **Jesus CARRILLO**<br>**Miguel E. OTERO**<br>**Jorge Alejandro**<br>**RODRIGUEZ** | % Rodriguez<br>Eichholzstrasse 2<br>6312 -Steinhausen | |

**Enclosure:**

- Cover letter noticing compliance on Order (D.I.5)
- Amended Complaint in compliance of Order (D.I.5)
- Exhibit A to the Amended Complaint.

Respectfully submitted,

**Respectfully submitted** on November 12, 2024,

Ivan R. FREITES C

**Pro se**

% Villasana

4370 NW 107 Ave

Apt 102

Doral 33178

| Plaintiffs | Address | Signature |
|---|---|---|
| **Ivan R. FREITES C.**<br>**Guillermo ZARRAGA**<br>**Eladio MATA**<br>**Gustavo RODRIGUEZ**<br>**Jose VILLASANA**<br>**Carlos MARQUEZ**<br>**Juan MARTINEZ** | % Villasana<br>4370 NW 107 Ave<br>Apt 102<br>Doral 33178 | |
| **Jesus CARRILLO**<br>**Miguel E. OTERO**<br>**Jorge Alejandro**<br>**RODRIGUEZ** | % Rodriguez<br>Eichholzstrasse 2<br>6312 -Steinhausen | |

# In the United States District Court
# for the Southern District of Florida

| | | |
|---|---|---|
| Ivan R. FREITES C<br><br>Guillermo ZARRAGA<br><br>Eladio MATA<br><br>Gustavo RODRIGUEZ<br><br>Jose VILLASANA<br><br>Juan MARTINEZ<br><br>Carlos MARQUEZ<br><br>Angel MORENO<br><br>Jesus CARRILLO<br><br>Miguel E. OTERO<br><br>Jorge Alejandro RODRIGUEZ<br><br>**Plaintiffs,** | v. | • Mr. Orlando VIERA-BLANCO<br>• Mr. Gustavo E. LAINETTE<br>• Mr. Jose V. CARRASQUERO<br>• Mr. Alexis ORTIZ a.k.a @douglasarrecho ;<br>• Mr. Federico MEDINA RAVEL a.k.a. @lucioquincioc;<br>• Mr. Thaelman URGELLES a.k.a. @turgelles;<br>• **CENTER FOR LIBERAL DEMOCRACY DEVELOPMENT, INC.**<br>• Resistencia Venezolana Corp.<br><br>**Defendants,**<br><br>**Case No.:**<br>**24-24176-CIV-ALTONAGA/Reid** |

**Honorable Cecilia M. Altonaga**

Chief United States District Judge

Southern District of Florida

**Re: Compliance with Order for Amended Complaint Submission**
**Case No.: 24-24176-CIV-ALTONAGA/Reid**
**Plaintiffs: Ivan R. Freites C., et al.**
**Defendants: Orlando Viera-Blanco, et al.**

Honorable Judge Altonaga:

Pursuant to the Order issued by this Court on October 30, 2024, dismissing the initial Complaint filed by the Plaintiffs on October 28, 2024, I respectfully submit this Amended Complaint. The amended filing has been revised to address the issues identified in the Court's Order, including correcting deficiencies under Federal Rules of Civil Procedure 8(a)(2) and 10(b) and omitting any claims for which there is no private cause of action.

The attached Amended Complaint now adheres to the requirements set forth in the Order by:

1. Ensuring each claim is clearly numbered, stated in separate paragraphs, and limited to relevant factual allegations;
2. Removing fictitious-party pleadings and any claims not supported by private rights of action under applicable statutes.

Thank you for the Court's consideration. I trust this filing complies fully with the Court's directives. Please do not hesitate to contact me should there be any further questions regarding this submission.

**Enclosure:** Amended Complaint

# In the United States District Court
# for the Southern District of Florida

| | | |
|---|---|---|
| Ivan R. FREITES C | | ●   Mr. Orlando VIERA-BLANCO |
| Guillermo ZARRAGA | | ●   Mr. Gustavo E. LAINETTE |
| Eladio MATA | | ●   Mr. Jose V. CARRASQUERO |
| Gustavo RODRIGUEZ | | ●   Mr. Alexis ORTIZ a.k.a @douglasarrecho ; |
| Jose VILLASANA | | |
| Juan MARTINEZ | | ●   Mr.  Federico MEDINA RAVEL a.k.a. @lucioquincioc; |
| Carlos MARQUEZ | **v.** | |
| Angel MORENO | | ●   Mr. Thaelman URGELLES a.k.a. @turgelles; |
| Jesus CARRILLO | | |
| Miguel E. OTERO | | ●   CENTER FOR LIBERAL DEMOCRACY DEVELOPMENT, INC. |
| Jorge Alejandro RODRIGUEZ | | ●   Resistencia Venezolana Corp. |
| **Plaintiffs**, | | **Defendants**, |

## AMENDED COMPLAINT

## I. INTRODUCTION

1. **Plaintiffs**, prominent Venezuelan activists and private persons, seek redress from a coordinated campaign of defamation, intimidation, and privacy invasion led by the defendants. Defendants engaged in public disclosures of court-sealed identities, defamatory media campaigns, and social media harassment with the aim of discrediting plaintiffs, interfering with their legal actions, and deterring their activism. Acting through partnerships as well as with national and international platforms, defendants have engaged in activities that violate federal laws under the Racketeer Influenced and Corrupt Organizations Act (*RICO*), 18 U.S.C. §§ 1961-1968, under 42 U.S.C. §§ 1985 and 1986, and Florida state law, causing significant economic losses as well as reputational and emotional harm to plaintiffs.

---

## II. PARTIES

Plaintiffs:

2. **Ivan R. Freites**, **Miguel E. Otero**, and **Jorge Alejandro Rodriguez** are Venezuelan human rights activists who have publicly opposed PDVSA and related government entities, advocating against human rights abuses and corruption in the Venezuelan oil sector specifically and in the Venezuelan government generally, as well as institutions managed or governed by the Venezuelan opposition. They suffered reputational harm and threats as a result of the defamatory campaign orchestrated by the defendants.

3. **Guillermo Zarraga, Eladio Mata, Gustavo Rodriguez, Jose Villasana, Juan Martinez, and Carlos Marquez** are unionists of the Venezuelan oil, gas, electrical, and aluminum industries whose rights to join legal proceedings against PDVSA, CITGO, and Junta Administrativa Ad Hoc de PDVSA have been wronged by Defendants.

4. **Other Plaintiffs**: Protected by sealed identities in Delaware Case No. 1:23-CV-00989, these plaintiffs experienced privacy violations and threats directly resulting from the defendants' unauthorized disclosures and defamatory social media campaigns.

Defendants:

5. **Orlando Viera-Blanco**: A Florida resident who publicly disclosed plaintiffs' court-sealed identities on social media, playing a key role in orchestrating the defamatory campaign. Viera-Blanco is financially connected to PDVSA Ad Hoc through donations of at least $50,000 made by PDVSA Ad Hoc through the foundations it controls by way of its U.S. wholly-owned subsidiaries. According to official public records the address of defendant is:

   > Mr. Orlando VIERA-BLANCO
   > 5223 NW 94th Doral Pl.
   > Doral, FL 33178

6. **Gustavo Lainette**: Produced a series of four professionally created defamatory videos targeting plaintiffs, amplifying damaging content across social media platforms and associating plaintiffs with negative or criminal labels.

According to official public records the address of defendant is:

> Mr. Gustavo E. LAINETTE
>
> 1550 NE 168th St
>
> Apt 208
>
> North Miami Beach, FL 33162

7. **Jose Vicente Carrasquero**: Partner of Viera-Blanco and close associate of PDVSA Ad Hoc President Horacio Medina, with financial ties to PDVSA Ad Hoc through a $240,250 payment. According to official public records the address of defendant is:

> Mr. Jose V. CARRASQUERO
>
> 3800 Hillcrest Dr Apt 902
>
> Hollywood, FL 33021

8. Mr. Alexis ORTIZ a.k.a @douglasarrecho ; A Florida resident who promotes defamatory content and misinformation targeting plaintiffs in coordination with the other Defendants.

9. Mr. Federico MEDINA RAVEL a.k.a. @lucioquincioc; A Florida resident who promotes defamatory content and misinformation targeting plaintiffs in coordination with the other Defendants.

10. Mr. Thaelman URGELLES a.k.a. @turgelles; A Florida resident who promotes defamatory content and misinformation targeting plaintiffs in coordination with the other Defendants.

CENTER FOR LIBERAL DEMOCRACY DEVELOPMENT, INC. A Florida firm used as a platform by Defendants to promote defamatory

content and misinformation targeting plaintiffs in coordination with the other Defendants. Registered address according to Florida official records is:

5223 NW 94TH DORAL PL.
DORAL, FL 33178

11.    Resistencia Venezolana Corp. A Florida firm used as a platform by Defendants to  promote defamatory content and misinformation targeting plaintiffs in coordination with the other Defendants. Registered address according to Florida official records is:

6251 W 24 AVE

205

HIALEAH, FL 33016

Defendants used the firms **Center for Liberal Democracy Development, Inc.,** co-owned by Carrasquero and Viera-Blanco, and the **Resistencia Venezolana Corp.** presided by Defendant Gustavo Lainette as vehicles to further these wrongful actions.

---

## III. JURISDICTION AND VENUE

This Court has jurisdiction based on:

- **18 U.S.C. §§ 1961-1968 - Racketeer Influenced and Corrupt Organizations Act - RICO**, as defendants engaged in racketeering activities, including wire fraud, intimidation, and unauthorized disclosures.

5

- **42 U.S.C. §§ 1985 and 1986 - The Ku Klux Klan Act**, as defendants conspired to deny plaintiffs' equal protection and failed to prevent harm despite their knowledge and ability to do so.

- **28 U.S.C. § 1367**: for supplemental jurisdiction over state law claims for defamation, civil conspiracy, invasion of privacy, intentional infliction of emotional distress, and negligence.

Venue is proper as defendants' conduct, and plaintiffs' resulting harm, occurred within this judicial district. Defendants are Florida residents, under the jurisdiction of this judicial district.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

Coordinated Defamatory Campaign

12.   Beginning in early 2024, **defendants** engaged in a concerted campaign to harm plaintiffs' reputations following their federal actions in Delaware (Case Nos. 1:23-CV-00989 and 1:17-MC-00151). Defendants utilized social media such as X, Facebook, Instagram, Internet News Portals (controlled by Defendants), Email distribution lists, Whatsapp Groups with hundreds of members, videos, and public disclosures of court-protected information in order to jeopardize the integrity of legal proceedings filed by Plaintiffs, to intimidate plaintiffs and damage their credibility. Specifically, defendants targeted the participation of plaintiffs Freites, Otero, and Rodriguez in cases involving advocacy for the human rights of Venezuelan workers. These cases are referenced as 1:23-CV-00989 and 1:17-MC-00151 in the District

of Delaware.   In addition to damaging posts, Defendants produced, broadcasted and amplified the distribution of video content professionally designed to harm Plaintiffs. An abstract of the detailed semiotic analysis of the videos reads as follows:

**Video 1: Against all Plaintiffs in case 1:23-CV-00989**

**Title:** "Falsos opositores conspiran contra CITGO" (False oppositors conspire against CITGO)

**Content Analysis**: The video uses emotionally charged language, derogatory metaphors, and terms to delegitimize, criminalize, and demonize the Plaintiffs. The

analysis reveals a strategy to present the Plaintiffs as false oppositors (refering to the Venezuelan dictatorship) and opportunists, posing them as threats to national interests of Venezuelans.

**Video 2: Against Plaintiff Miguel Henrique Otero and Family**

**Title:** "Falsos opositores conspiran contra Citgo" (False oppositors conspire against Citgo) - Part Two

**Content Analysis:** Similar derogatory language and metaphors are used to depict Otero as an opportunist and traitor, aiming to influence public perception and justify violent actions against him.

**Video 3: Against Plaintiff Jorge Alejandro Rodríguez**

**Title:** "Falsos opositores conspiran contra Citgo" (False oppositors conspire against Citgo) - Part Three

**Content Analysis:** The video delegitimizes and discredits Rodríguez through derogatory metaphors, rumors, and associations with controversial figures. This narrative portrays Rodríguez as a corrupt and opportunistic false oppositionist.

**Video 4: Against Plaintiff Iván Freites**

7

**Title:** "Falsos opositores conspiran contra Citgo" (False oppositors conspire against Citgo) - Part Four

**Content Analysis:** The video employs similar strategies to present Freites as a disgruntled and opportunistic individual, seeking personal gain at the expense of national interests.

13. **Unauthorized Disclosures by Defendant Viera-Blanco**: On May 24, 2024, defendant Viera-Blanco publicly disclosed plaintiffs' sealed identities on Twitter, violating a federal court order. This information was subsequently disseminated by defendants through associated accounts and the social media in Parragraph 11. Attached hereto as **Exhibit A** is a screenshot of the Twitter thread posted by Orlando Viera-Blanco containing the names of the Plaintiffs and other information. A transcript in Spanish of the corresponding thread of twenty two (22) Twits from the damaging offender is provided as well as a translation of said transcript (Google Translate), list of amplifying accounts and direct relationship between several amplifying accounts and Defendants.

**Exhibit A contents a screenshot of the Twitter thread posted by Orlando Viera-Blanco containing the names of the Plaintiffs and other information.**

Financial Support and Carrasquero's Involvement

14. **Defendant Carrasquero**, associate of **Defendant Viera-Blanco** as described in Parragraphs 11 and 13 , is financially tied to **PDVSA Ad Hoc**. **PDVSA ad hoc** is a Defendant in cases 1:23-CV-00989 and 1:17-MC-00151 in the District of Delaware. Payments totaling $240,250 in March 2024, and additional sums exceeding $107,000 in the following months, were made by

**PDVSA ad hoc** to another firm in which Carrasquero is partner, ostensibly for lobbying but allegedly funded the wrongful campaign.

---

International Reach of Defamation

15. **Defendants' defamatory statements** were broadcasted internationally, labeling plaintiffs as "traitors" and profiteers. This broad exposure severely undermined plaintiffs' reputations and advocacy efforts, both domestically and internationally, resulting in significant economic and personal losses.

Impact on Plaintiffs

16. **Economic Losses and Safety Threats**: Plaintiffs Freites, Rodriguez, and Otero incurred economic losses related to personal safety measures, relocations, and loss of professional contracts due to the ongoing defamatory campaign.

17. **Threats to Personal Safety and Forced Relocations**: The unauthorized disclosure of plaintiffs' identities prompted severe safety risks. **Plaintiff Jesus Carrillo** was forced into hiding, while **Jorge Alejandro Rodriguez** experienced cyberattacks necessitating legal action in Europe, as well as need of temporary relocation. The plaintiffs' relocations disrupted their lives, hindered their work, and affected their ability to advocate freely.

18. **Emotional Distress**: Defendants' actions resulted in substantial emotional distress for plaintiffs and their families. The defamatory content led to anxiety, fear, and stress-related health issues, requiring emergency medical intervention for three plaintiffs across different countries.

19. **Interference with Legal Rights and Advocacy**: Defendants' defamatory actions directly obstructed plaintiffs' participation in federal court cases in Delaware. By damaging plaintiffs' credibility, defendants sought to intimidate and silence them, thus impairing their access to fair judicial processes.

20. **Suppression of Plaintiffs' Voices as Activists**: As known critics of PDVSA and the Venezuelan government, plaintiffs' advocacy was severely compromised by defendants' defamatory campaign. This calculated campaign hindered their credibility, preventing them from effectively building alliances and furthering their activism and legal proceedings against **PDVSA ad hoc** and its subsidiaries.

---

**Summary of Defendants' Actions and Plaintiffs' Harm**

21. In sum, **defendants' coordinated defamatory campaign** inflicted economic, emotional, and reputational harm on plaintiffs, jeopardizing their safety, professional activities, and advocacy efforts. Plaintiffs seek redress for these injuries and to hold defendants accountable for their malicious conduct.

---

## V. CAUSES OF ACTION

Count I: **RICO § 1962(c)**

21. The allegations of paragraphs 12 through 21 are incorporated herein by reference.

22. **Defendants**: This Count is against Defendants:

- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp.**

(collectively, the **"Count I Defendants"**).

23. **Association-in-Fact Enterprise**:
The Count I Defendants formed an **association-in-fact enterprise** with the common purpose of obstructing justice, defaming, intimidating, and silencing plaintiffs. Defendants acted through various platforms and media outlets to conduct a coordinated, malicious campaign.

24. **RICO Enterprise Definition**:
The Supreme Court in *Boyle v. United States*, 556 U.S. 938 (2009), requires that an association-in-fact enterprise exhibit a shared purpose, relationships among those associated, and sufficient longevity to pursue its purpose.

11

Defendants' actions align with this definition, indicating a continuous and coordinated effort aimed at plaintiffs.

25. **Pattern of Racketeering Activity**:

The Count I Defendants engaged in multiple predicate acts, establishing a pattern of racketeering activity, including:

- **Wire Fraud (18 U.S.C. § 1343)**: Defendants utilized social media in a reiterated way to broadcast defamatory content with intent to harm plaintiffs.
- **Witness Tampering (18 U.S.C. § 1512)**: Through threats and unauthorized disclosures, defendants attempted to deter plaintiffs' participation in federal proceedings and harmed plaintiffs by the production, broadcasting, diffusion of content specifically designed for such malicious purposes.
- **Obstruction of Justice (18 U.S.C. § 1503)**: Defendants' release of court-sealed identities aimed to interfere with plaintiffs' legal proceedings and advocacy.

26. **Specific Acts**:

- **Wire Fraud**:

On May 16 an X account under the name of "@DOUGLASARRECHO" revealed the name of the Lead Plaintiff in case 1-23-CV-00989 in Delaware. Such an account of @douglasarrecho had been previously used as a political campaigning tool in Venezuela from 2011 to 2016. Defendant Thaelman Urgelles (a person close to Defendants Viera-Blanco and Carrasquero, as well as to the Board Members of PDVSA ad hoc) had boasted in political reunions during the political campaigns in Venezuela in or about 2012-2013 of being in control of such @douglasarrecho account in that time together with Defendant Mr. Alexis Ortiz.

12

- On May 24th, a defamatory X Post (Tweet) breached court-ordered protections for plaintiffs' identities. Defendant Orlando Viera-Blanco later posted a Twitter thread identifying plaintiffs, which was amplified by at least twenty accounts. Several of these accounts were controlled by the **Count I Defendants.**

  **On or about June 5th, Defendant Gustavo Lainette** produced and broadcasted a series of at least four professional videos of threatening, menacing, and defamatory character against Plaintiffs. The broadcasting and dissemination of the offensive content was done through the social media platforms X, Instagram, Facebook and others, from the user accounts of **Defendant Lainette and Resistencia Venezolana Corp.** (presided by Defendant Lainette) and was amplified by the **Count I Defendants.**

- On June 11th, a defamatory Facebook Post breached court-ordered protections for plaintiffs' identities. Defendant Orlando Viera-Blanco later posted a Twitter thread identifying plaintiffs, which was amplified by at least twenty accounts. Several of these accounts were controlled by the **Count I Defendants.**

- **Obstruction of Justice**: Defendants' public disclosures breached court orders, with probable involvement from PDVSA Ad Hoc and its U.S. subsidiaries.

27.   **Pattern Requirement under RICO**:

A "pattern of racketeering activity" is established by showing at least two predicate acts of racketeering within a 10-year period that demonstrate both "relatedness" and "continuity." Predicate acts under RICO include specific federal offenses such as mail and wire fraud, witness tampering, and obstruction of justice.

In *H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989)*: The Supreme Court defined a pattern of racketeering as requiring both "relatedness" (predicate acts that are connected by similar purposes, results, or participants) and "continuity" (either closed-ended with a series of related acts over a substantial period, or open-ended, posing a threat of ongoing criminal conduct).

In *Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985)*: The Court confirmed that private plaintiffs could pursue civil RICO claims if they could demonstrate injuries directly resulting from predicate acts constituting a pattern of racketeering.

In the present case, defendants are alleged to have engaged in multiple predicate acts, including:

28.   Wire Fraud (18 U.S.C. § 1343): Defendants used social media platforms and electronic communications to disseminate defamatory content and knowingly false information about plaintiffs, intending to harm their reputations and deter their legal actions.

29.   Witness Tampering (18 U.S.C. § 1512): Through threats, intimidation, and public disclosures of sealed information, defendants sought to deter plaintiffs from participating in federal court proceedings, particularly Cases No. 00989 and 00151 in Delaware.

30.   Obstruction of Justice (18 U.S.C. § 1503): The coordinated release of plaintiffs' private, court-sealed identities and defamatory content was designed to interfere with plaintiffs' access to fair judicial proceedings and discourage their continued advocacy and legal actions against PDVSA.

31.   These predicate acts, executed repeatedly over time, establish both the continuity and relatedness required to show a pattern of racketeering activity.

32.    Predicate acts under RICO require at least two instances demonstrating relatedness and continuity. Defendants' persistent publication of defamatory content across platforms over several months fulfills this requirement. (*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)).

33.    **Proximate Causation**:

As a result of Count I Defendants' activities, plaintiffs suffered direct harm. Per *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008), proximate cause does not require first-party reliance but does require a direct link between injury and wrongful conduct.

---

Damages

34.    Plaintiffs have been injured in their business and property as a direct and proximate result of the racketeering activities and violations of **18 U.S.C. § 1962(c)**. Injuries include economic losses, reputational damage, emotional distress, and safety-related impacts, all foreseeable outcomes of defendants' calculated actions.

---

**WHEREFORE**, Plaintiffs request that this Court enter judgment against the Count I Defendant(s) as follows:

---

## VI. DAMAGES IN COUNT I

30. Plaintiffs adopt and incorporate by reference each and every allegation and paragraph above as if fully set forth herein. Defendants' actions and omissions have directly and proximately caused injuries to Plaintiffs, entitling Plaintiffs to recover reasonable and appropriate compensation as follows:

---

### A. Economic Loss

31. Damages for harm to Plaintiffs' business interests, professional activities, and advocacy work.

### B. Special Damages

32. Plaintiffs seek special damages, including:
- (a) Past and future medical expenses;
- (b) Past and future physical pain and mental anguish;
- (c) Past and future physical impairment;
- (d) Past lost wages and future lost wage-earning capacity;
- (e) Past and future pecuniary losses;
- (f) Attorneys' fees and administrative expenses associated with litigation.

### C. Pre-Judgment and Post-Judgment Interest

33. Plaintiffs request pre-judgment and post-judgment interest at the statutory rate or as otherwise set by the Court.

### D. Punitive Damages

34. Plaintiffs seek punitive damages to penalize Defendants for willful, malicious, and reckless conduct, particularly in making and disseminating

defamatory statements and infringing Plaintiffs' privacy. Plaintiffs assert that exemplary damages should not be capped under Florida law.

E. Exemplary and Treble Damages

35. Plaintiffs seek exemplary damages under Florida law, arguing that statutory caps on punitive damages do not apply to this case. Additionally, Plaintiffs request treble damages under applicable federal statutes and common law, including but not limited to:

- **RICO**: Treble damages under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1968) due to Defendants' pattern of racketeering activity.

F. Injunctive Relief

36. Plaintiffs request that the Court issue an injunction:

- **Prohibiting Defamatory Conduct**: Enjoining Defendants from further defamatory publications and ordering removal of all defamatory content on platforms under Defendants' control.

- **Privacy Protections**: Enjoining Defendants from disclosing Plaintiffs' sealed or confidential information.

- **Protection from Harassment**: Enjoining Defendants from making threats or engaging in harassment and intimidation against Plaintiffs through any medium.

- **Public Retraction**: Requiring Defendants to issue a public retraction of defamatory statements made about Plaintiffs.

### G. Preservation of Confidentiality

37. Plaintiffs request that the Court order measures to preserve the confidentiality of Plaintiffs' sealed identities in ongoing judicial proceedings and prohibit unauthorized disclosures of these identities.

### H. Attorneys' Fees and Costs

38. Plaintiffs seek reasonable attorneys' fees, court costs, and litigation expenses, as permitted by **RICO** and other applicable statutes.

### I. Additional and Other Relief

39. Plaintiffs request any additional relief to which they may be entitled under federal and Florida law, including but not limited to:

- **Statutory and Common Law Damages**: Additional damages allowed under Florida law, including uncapped exemplary damages.
- **Further Relief**: Any other relief deemed just, equitable, and proper under the circumstances by this Court. Plaintiffs estimate total monetary relief at over five million USD.

---

### Count II: Civil Conspiracy

40. The allegations of paragraphs 12 to 14 are incorporated herein by reference.

41. **Defendants**: This Count is against Defendants:

- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)

- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

42.    **Legal Standard and Case Law**:

- A civil conspiracy requires **(1) Agreement to Commit an Unlawful Act**, **(2) Overt Act in Furtherance of the Conspiracy**, and **(3) Injury Caused by the Act** (*Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983); *Charles v. Fla. Foreclosure Placement Ctr.*, 988 So. 2d 1157 (Fla. Dist. Ct. App. 2008)).

43.    **Allegations Supporting Civil Conspiracy**:

- **Agreement**: Defendants tacitly agreed to a campaign of defamation and intimidation targeting plaintiffs, with financial support and coordinated dissemination of harmful statements to undermine plaintiffs' credibility.
- **Overt Acts**: Defendants engaged in repeated defamatory publications, unauthorized disclosures, and coordinated use of financial resources to harm plaintiffs' reputations.
- **Injury**: Plaintiffs suffered reputational harm, emotional distress, and threats to safety directly resulting from defendants' coordinated actions.

---

Count III: Defamation (Libel and Slander)

42. The allegations of paragraphs 12 to 14  are incorporated herein by reference.

44.    **Defendants**: This Count is against Defendants:

- **Mr. Orlando Viera-Blanco**

- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)
- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

**Legal Standard and Case Law:**

Defamation involves **(1) Publication of a False Statement, (2) Fault**, and **(3) Harm to Plaintiff's Reputation**. (*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990); *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)).

45.   **Allegations Supporting Defamation**:

- **False Statements**: Defendants published statements portraying plaintiffs as "traitors" and "fraudsters," with accusations of disloyalty, fraud, and collaboration with adversarial interests. These statements were widely disseminated, impacting plaintiffs' reputations.
- **Fault—Actual Malice**: Plaintiffs, as public figures, allege defendants acted with actual malice, knowingly or recklessly disregarding the truth.
- **Reputational Harm**: Plaintiffs' reputations suffered substantial harm, impairing their advocacy and professional credibility both domestically and internationally

---

Count IV: Invasion of Privacy (Public Disclosure of Private Facts)

The allegations of paragraphs 12 to 14 are incorporated herein by reference.

20

46.   **Defendants**: This Count is against Defendants:

- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)
- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

47.   **Legal Standard and Case Law**:

- Invasion of privacy through public disclosure of private facts protects individuals from having personal, sensitive information disclosed without legitimate purpose. The plaintiff must demonstrate **(1) Public Disclosure of Private Information**, **(2) Highly Offensive Nature**, and **(3) Lack of Legitimate Public Interest** (*Diaz v. NBC Universal, Inc.*, 337 F. App'x 94 (2d Cir. 2009); *Restatement (Second) of Torts § 652D*).

   **Allegations Supporting Invasion of Privacy**:
- **Public Disclosure of Private, Sealed Identities**: Defendants disclosed plaintiffs' court-sealed identities publicly on social media, which exposed plaintiffs to harassment and threats.
- **Highly Offensive Nature of Disclosure**: Defendants' actions disregarded plaintiffs' safety and exposed them to increased threats, which would be highly offensive to a reasonable person.

21

- **Lack of Legitimate Public Interest**: The disclosed information served no public purpose and was intended solely to harm plaintiffs.

---

Count V: Intentional Infliction of Emotional Distress (IIED)

The allegations of paragraphs 12 to 14 are incorporated herein by reference.

48.    **Defendants**: This Count is against Defendants:
- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)
- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

49.    **Legal Standard and Case Law**:
- A claim for IIED requires **(1) Extreme and Outrageous Conduct**, **(2) Intent or Reckless Disregard**, and **(3) Severe Emotional Distress** (*Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988); *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985)).

49.    **Allegations Supporting Intentional Infliction of Emotional Distress**:
- **Extreme and Outrageous Conduct**: Defendants publicly disclosed plaintiffs' protected identities and portrayed plaintiffs as "traitors" and "fraudsters" in defamatory publications, intending to harm plaintiffs.

22

- **Intent to Cause Distress or Reckless Disregard**: Defendants acted with intent or reckless disregard for plaintiffs' emotional well-being, knowing the distress these actions would likely cause.
- **Severe Emotional Distress Suffered by Plaintiffs**: Plaintiffs endured significant distress, including fear, anxiety, and disruption of their lives, as a result of defendants' actions.

---

Count VI: Negligence

The allegations of paragraphs 12 to 14 are incorporated herein by reference.

50.    **Defendants**: This Count is against Defendants:
- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)
- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

50.    **Legal Standard and Case Law**:
- Negligence requires **(1) Duty of Care**, **(2) Breach of Duty**, **(3) Causation**, and **(4) Damages** (*Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339 (1928); *Doe v. Evans*, 814 So. 2d 370 (Fla. 2002)).

51.    **Allegations Supporting Negligence**:

- **Duty of Care**: Defendants owed plaintiffs a duty to protect their privacy, especially regarding sealed identities and reputations.
- **Breach of Duty**: Defendants breached this duty by disclosing plaintiffs' identities and spreading defamatory statements.
- **Causation**: Defendants' actions foreseeably harmed plaintiffs, resulting in reputational damage, threats, and emotional distress.
- **Damages**: Plaintiffs sustained reputational, emotional, and financial harm, including one plaintiff's forced relocation for safety.

---

Count VII: Violation of 42 U.S.C. § 1985(2) and (3)

The allegations of paragraphs 11, 12 to 14 and 26 are incorporated herein by reference.

51.     **Defendants**: This Count is against Defendants:
- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)
- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

52.     **Legal Standard and Case Law**:

- 42 U.S.C. § 1985 protects against conspiracies to obstruct justice, intimidate parties, or deprive individuals of rights (*Kush v. Rutledge*, 460 U.S. 719 (1983); *Griffin v. Breckenridge*, 403 U.S. 88 (1971)).

53.   **Allegations Supporting Violation of 42 U.S.C. § 1985**:

- **Conspiracy to Interfere with or Deprive Rights**: Defendants conspired to hinder plaintiffs' access to fair judicial proceedings through defamatory statements and disclosures.

- **Intent to Deprive Plaintiffs of Their Rights**: Defendants aimed to dissuade plaintiffs from pursuing their cases and to discredit them.

- **Overt Acts in Furtherance of the Conspiracy**: Defendants disclosed plaintiffs' sealed identities and published defamatory content.

---

Count VIII: Violation of 42 U.S.C. § 1986

The allegations of paragraphs 11, 12 to 14 and 26 are incorporated herein by reference.

52.   **Defendants**: This Count is against Defendants:

- **Mr. Orlando Viera-Blanco**
- **Mr. Gustavo E. Lainette**
- **Mr. Jose V. Carrasquero**
- **Mr. Alexis Ortiz** (a.k.a. @douglasarrecho)
- **Mr. Federico Medina Ravel** (a.k.a. @lucioquincioc)
- **Mr. Thaelman Urgelles** (a.k.a. @turgelles)
- **Center for Liberal Democracy Development, Inc.**
- **Resistencia Venezolana Corp**

54.   **Legal Standard and Case Law**:

- Section 1986 holds liable those who know of a § 1985 conspiracy and have the power to prevent it but fail to act (*Clark v. Clabaugh*, 20 F.3d 1290 (3d Cir. 1994); *Park v. City of Atlanta*, 120 F.3d 1157 (11th Cir. 1997)).

55.   **Allegations Supporting Violation of 42 U.S.C. § 1986**:

- **Knowledge of a § 1985 Violation**: Defendants were aware of the conspiracy to harm plaintiffs through defamation and intimidation.

- **Power to Prevent**: Defendants could have ceased the damaging campaign but neglected to act.

- **Neglect to Act**: Defendants willfully failed to intervene, resulting in reputational, emotional, and safety-related harm to plaintiffs.

---

## VI. JURY TRIAL DEMAND

56. Pursuant to FRCP Rule 38 and Florida Rules of Civil Procedure, Plaintiffs formally demand a jury trial for all claims and issues triable as a matter of right.

---

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

---

## VIII. DAMAGES FOR COUNTS II TO VIII

57. Plaintiffs adopt and incorporate by reference each allegation set forth herein. Defendants' actions have caused Plaintiffs to suffer injuries warranting the following compensation:

A. Compensatory Damages

- **Emotional Distress and Mental Suffering**: Recovery for past and future emotional distress.
- **Reputational Harm**: Damages for harm to Plaintiffs' reputation.
- **Lost Wages and Earning Capacity**: Compensation for lost wages and diminished earning capacity.
- **Medical Expenses**: Recovery for psychological treatment and related medical costs.
- **Security-Related Expenses**: Costs for personal and family security measures.
- **Pecuniary Loss**: Damages for harm to Plaintiffs' professional interests, economic losses for loss of professional contracts and advocacy work.

B. Defamation and Reputational Harm

- **Harm to Reputation and Privacy**: Compensation for injury to Plaintiffs' reputation.
- **Personal and Professional Standing**: Damages for harm to Plaintiffs' standing in personal and professional contexts.

C. Special Damages

- (a) Medical expenses (past and future)
- (b) Physical pain and mental anguish (past and future)

27

- (c) Physical impairment (past and future)
- (d) Lost wages and earning capacity (past and future)
- (e) Pecuniary losses (past and future)
- (f) Attorneys' fees and litigation expenses.

D. Pre-Judgment and Post-Judgment Interest

Plaintiffs request interest at the statutory rate or as otherwise set by the Court.

E. Punitive Damages

Plaintiffs seek punitive damages for Defendants' willful, malicious conduct, asserting that these damages should not be capped under Florida law.

F. Exemplary and Treble Damages

- **Exemplary Damages**: Pursuant to Florida law, without statutory caps.
- **Treble Damages**: Under applicable federal statutes, including:
  - *RICO*: Treble damages under 18 U.S.C. §§ 1961-1968.
  - *Civil Rights Conspiracy*: Damages under 42 U.S.C. § 1985.
  - *Communications Decency Act*: Damages under 47 U.S.C. § 230.
  - *Wire Fraud*: Damages under 18 U.S.C. § 1343.

G. Injunctive Relief

- **Prohibiting Defamatory Conduct**: Enjoining Defendants from defamatory publications and ordering content removal.
- **Privacy Protections**: Enjoining unauthorized disclosure of Plaintiffs' confidential information.
- **Protection from Harassment**: Enjoining Defendants from threats, harassment, or intimidation.
- **Public Retraction**: Requiring Defendants to retract defamatory statements.

## H. Preservation of Confidentiality

Plaintiffs request an order preserving the confidentiality of their identities in ongoing judicial proceedings.

## I. Attorneys' Fees and Costs

Plaintiffs seek reasonable attorneys' fees, court costs, and expenses as permitted by RICO and other applicable statutes.

## J. Additional and Other Relief

- **Statutory and Common Law Damages**: Additional damages under Florida law, including uncapped exemplary damages.
- **Further Relief**: Any relief deemed just and proper by this Court. Plaintiffs estimate monetary relief exceeding five million USD.

---

## IX. DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues triable under FRCP and Florida Rules of Civil Procedure.

---

## X. CERTIFICATION AND CLOSING

58. Under FRCP Rule 11, Plaintiffs certify that this complaint:

- (1) Is not for improper purposes, such as harassment or unnecessary delay.
- (2) Is supported by existing law or nonfrivolous arguments.
- (3) Has evidentiary support, or is likely to after discovery.

29

Complies with Rule 11 requirements.

59.Plaintiffs agree to update the Clerk's Office with any address changes.

**Respectfully submitted** on November 12, 2024,

Ivan R. FREITES C
**Pro se**
% Villasana
4370 NW 107 Ave
Apt 102
Doral 33178

| Plaintiffs | Address | Signature |
|---|---|---|
| **Ivan R. FREITES C.** **Guillermo ZARRAGA** **Eladio MATA** **Gustavo RODRIGUEZ** **Jose VILLASANA** **Carlos MARQUEZ** **Juan MARTINEZ** | % Villasana 4370 NW 107 Ave Apt 102 Doral 33178 | |
| **Jesus CARRILLO** **Miguel E. OTERO** **Jorge Alejandro RODRIGUEZ** | % Rodriguez Eichholzstrasse 2 6312 -Steinhausen | |

**Exhibit A:** Attached hereto as Exhibit A is a screenshot of the Twitter thread posted by Orlando Viera-Blanco containing the names of the Plaintiffs and other information. A transcript in Spanish of the corresponding thread of twenty two (22) Twits from the damaging offender is provided as well as a translation of said transcript (Google Translate), list of amplifying accounts and direct relationship between several amplifying accounts and Defendants

**Amplification of the Disclosure: Offender**s reproduced the damaging tweet using the social media accounts of several non-profit associations that he controls, further disseminating the confidential information and increasing the risk to the Plaintiffs. Among other social media accounts Plaintiffs have found that the X (formerly Twitter) accounts of Defendant **Center for Liberal Democracy Development** @CENLDD and VenAmérica Comunica @venamericacom act mainly as echo chambers of the posts of the **Defendants.**

1

← **Post**

**Orlando Viera-Blanco**
@ovierablanco

Atención ‼️ Nueva demanda ha sido incoada contra PDVSA AD Hoc, CITGO et al. Querella contra por daños y lesiones sufridos por Vzlanos en Vzla sin conexión-alerta defensa-en US. Un litis consorcio [Class Action, Civ. No. 23-cv-00969/Corte de Dtto. Delaware] que explicamos sumariamente🧵:

Translate post

12:36 PM · May 24, 2024 · **2,363** Views

💬 2        ♻️ 20        ♡ 32        🔖 3        ⬆️

👤 Post your reply

**Orlando Viera-Blanco** @ovierablanco · May 24
1-La demanda fue presentada por ciudadanos Vzlanos: Jorge Alejandro III Rodríguez Moreno; Iván Freitas C; Emilio Venuti; Angel Moreno, Jesús M.A.Carrillo; Miguel Enrique Otero; Pedro O. More; profesionales, empresarios editor, sindicalista[s]. + algunos ex trabajadores de PDVSA;

💬 1        ♻️ 1        ♡ 4        📊 902        🔖 ⬆️

**Orlando Viera-Blanco** @ovierablanco · May 24
2-Demandados: Petróleos de Venezuela S.A. (PDVSA); PDV Holding Inc; PDV América Holding Inc; CITGO Holding Inc; Corporación Petrolera CITGO; Junta Administrativa Ad-Hoc de PDVSA Ad Hoc=presuntos co-conspiradores, que incluyen una variedad de organizaciones; entra otras:

💬 1        ♻️ 1        ♡ 4        📊 759        🔖 ⬆️

**Orlando Viera-Blanco** @ovierablanco · May 24
3-Unas quince filiales de PDVSA, más organizaciones como ExxonMobil, BP, Conoco, Chevron, ex ministros del gobierno de Vzla y el propio gobierno vzlano. A este acción tipo litis consorcio, se sumarían otros 1700 trabajadores de la industria y 400 trabajadores de El Nacional;

💬 1        ♻️ 1        ♡ 3        📊 565        🔖 ⬆️

**Orlando Viera-Blanco** @ovierablanco · May 24
4-Reclamos son por hechos acaecidos en Vzla vinculados a violación de DDHH, civiles y político; persecución política, expropiación; difamación agravada, encarcelamiento, tratos crueles. Esta conexión factual exclusiva con Vzla, plantea-dixit defensa-revisar jurisdicción en US;

💬 1        ♻️ 1        ♡ 3        📊 509        🔖 ⬆️

**Orlando Viera-Blanco** @ovierablanco · May 24
5-La demanda expresa que la jurisdicción aplicable es la Vzlana, porque allí ocurrieron los hechos y los demandante estaban ahí al producirse los daños. Alegan los demandantes, US [Delaware] tiene jurisdicción porque las corporaciones demandadas tienen ahí establecido domicilio;

💬 1        ♻️ 1        ♡ 3        📊 481        🔖 ⬆️

**Orlando Viera-Blanco** @ovierablanco · May 24
6-Alegan querellantes: En la Ley de Registro de Activos Extranjeros figura domicilio de la Junta Ad Hoc PDVSA y PDV Holding en Hollywood Fl. Citan a Francisco Illaramendi y Kenwood Managament Group como agentes que usaron Fondo de Pensiones de PDVSA en un esquema Ponzi [2000];

💬 1        ♻️ 3        ♡ 6        📊 619        🔖 ⬆️

🔍 Search

**Relevant people**

**Orlando Viera-Blanco**          [Follow]
@ovierablanco
Venezuelan Former Ambassador to🇨🇦 Abogado fundador VB&A 1986 Profesor Cultura Comparada. Columnista El Universal. Presidente VenAmérica. Ancla/Host EVTV Miami

**Live on X**

🔴 Noticias Caracol 📺 is hosting
EN VIVO 📺 Noticias Caracol -
29 de mayo del 2024          🔴 -274

**Switzerland trends**

1 · Trending
**#WHAT7**
10.4K posts

2 · Survival competition · Trending
**#Kohlanta**
22.2K posts

3 · Trending
**Meyer Habib**
227K posts

4 · Trending
**Refah**
1.44M posts

5 · Politics · Trending
**De Luca**
12.7K posts

6 · Trending
**Terror**
104K posts

7 · Trending
**Russen**
4,057 posts

8 · Trending
**Erklärung**
1,360 posts

9 · Trending
**#Macron**
8,936 posts

10 · Trending
**Genozid**
2,769 posts

Show more

2

← **Post**

**Orlando Viera-Blanco** @ovierablanco · May 24
7-En lo relativo a la prescripción, el reclamo presenta 2 argumentos con respecto a la cuestión del plazo: i-El argumento que la doctrina de las violaciones continuas se aplica en este caso y, por lo tanto, el estatuto de limitaciones se ha venido cobrando durante décadas y ñ.-

♡ 1     ⟲ 3     ♡ 3     ᵢₗₗ 566     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
8-El Estatuto sobre daños a extranjeros("ATS") no prevé un plazo de prescripción específico [...] La querella pide certificación para incluir a más de <700 trabajadores+400 trabajadores de 'El Nacional'. La querella alega que el caso afecta a 20.000 trabajadores por persecución;

♡ 1     ⟲ 2     ♡ 6     ᵢₗₗ 485     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
9-La demanda afirma que 150 personas otorgaron declaración jurada de ser despedidos por los demandados y perder sus propiedades. Alegan que "varias decenas"de los agraviados residen en US. Pero el único demandante que estaría en los EEUU sería el Sr. Freites, que busca asilo.

♡ 1     ⟲ 3     ♡ 7     ᵢₗₗ 654     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
10–No se declara–señala la defensa–que ningún otro individuo vive en US. La demanda hace amplias acusaciones de confiscación de bienes y persecución política [gobierno volando]. La demanda establece que la gran mayoría de estos actos supuestamente ocurrieron entre 2002 y 2005.

♡ 1     ⟲ 1     ♡ 4     ᵢₗₗ 396     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
11–Se menciona explosión [2010] en refinería de Amuay. Afirman que demandados crearon condiciones de trabajo peligrosas y pusieron a despedidos en una lista negra, alentando violencia física y psicológica. Demanda intenta conectar con Crystallex, acusados y figura de alter ego;

♡ 1     ⟲ 1     ♡ 4     ᵢₗₗ 366     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
12–El análisis alter ego luce inconexo según la defensa. La querella involucra indiscriminadamente a demandados y co-conspiradores. Afirma que trabajaron juntos para perjudicar a demandantes. Citan aleatoriamente supuestos casos de relaciones entre Demandados como CITGO y PDVSA;

♡ 1     ⟲ 1     ♡ 4     ᵢₗₗ 395     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
13–Las causas de acción incluyen:
incumplimiento de contratos laborales [impago de salarios y beneficios completos, privándolos
de seguro médico; impago de facturas vencidas y rescisión de contrato sin justa causa]. Tergiversación fraudulenta
Conversión/incautación de bienes;

♡ 1     ⟲ 1     ♡ 3     ᵢₗₗ 357     🔖     ⬆

**Orlando Viera-Blanco** @ovierablanco · May 24
14–Demandan difamación: Sostienen que el Presidente de Vzla, Ministros y miembros del Parlamento y "otros acusados", hicieron declaraciones despectivas y falsas, entre ellas
"etiquetar a los demandantes como terroristas, liderar el encarcelamiento, el exilio y la persecución";

♡ 1     ⟲ 1     ♡ 4     ᵢₗₗ 342     🔖     ⬆

🔍 Search

Profesor Cultura Comparada.
Columnista El Universal. Presidente
VenAmérica. Ancla/Host EVTV Miami

**Live on X**

🎙 **Noticias Caracol** ✅ is hosting
EN VIVO ● Noticias Caracol -
29 de mayo del 2024                    +274

**Switzerland trends**

1 · Trending                            ···
#WHA77
10.4K posts

2 · Survival competition · Trending     ···
#Kohlanta
22.2K posts

3 · Trending                            ···
Meyer Habib
227K posts

4 · Trending                            ···
Rafah
1.44M posts

5 · Politics · Trending                 ···
De Luca
12.7K posts

6 · Trending                            ···
Terror
104K posts

7 · Trending                            ···
Russen
4,067 posts

8 · Trending                            ···
Erklärung
1,362 posts

9 · Trending                            ···
#Macron
8,926 posts

10 · Trending                           ···
Genozid
2,769 posts

Show more

Terms of Service   Privacy Policy   Cookie Policy
Accessibility   Ads info   More ···   © 2024 X Corp.

3

← **Post**

**Orlando Viera-Blanco** @vierablanco · May 24
15-La querella solicita daños monetarios por un total de 387 millones de dólares. Incumplimiento anticipado de empleo; negligencia; mala fe; agresión; encarcelamiento; imposición intencional de estrés emocional; violación de la legislación laboral Vzlana; violación de tratados;

○ 1    ⇄ 1    ♡ 5    �‖ 525    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
16-Según la defensa esta causa no es viable. Demandantes no han servido emplazamiento procesal adecuad a Demandados conforma Ley de Inmunidades Soberanas Extranjeras/"Foreign Sovereign Immunities Act ["FSIA"]. PDVSA esté protegida por esta ley por ser propiedad del Estado Vzlano;

○ 1    ⇄ 1    ♡ 5    �‖ 463    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
17-Demandantes -indican expertos de la defensa- deben cumplir con los requisitos de la FSIA sobre disposiciones que rigen la notificación del proceso. La FSIA prevé métodos de notificación jerárquica. La notificación al Sr Medina -alertan- no satisface requisitos de citación de FSIA;

○ 1    ⇄ 1    ♡ 2    �‖ 334    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
18-Expresa la defensa que el orden jerárquico o método de notificación según la FSIA, exige que la citación se realice: 1-Conforme a un acuerdo especial entre las partes. 2-De no existir acuerdo, deberá citarse a un agente plenamente autorizado por ley o convenio internacional;

○ 1    ⇄ 1    ♡ 2    �‖ 317    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
19-La defensa alerta que Corte de Delaware carece de competencia en la materia. Si bien la notificación defectuosa puede subsanarse, la falta de jurisdicción no pueda.
La FSIA es base jurídica que establece jurisdicción sobre un estado extranjero, sus agencias o instrumentalidad;

○ 1    ⇄ 2    ♡ 3    ⌊ 607    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
20- Como agencia o instrumentalidad de un Estado extranjero, PDVSA tiene derecho a inmunidad soberana a menos que se aplique una excepción a esa inmunidad, que son acciones legales o reclamos conexos con su actividad comercial. La defensa de PDVSA et al afirma que esto fracasaría

○ 1    ⇄ 1    ♡ 4    ⌊ 315    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
21-Conclusión: La defensa afirma que la excepción de inmunidad no aplica por no tener los hechos/actividades demandadas efecto directo en US. "Demandantes no invocan ninguna actividad comercial que haya ocurrido en los US" por lo que concluye -la defensa- que la acción es inviable"

○ 1    ⇄ 3    ♡ 5    ⌊ 832    🔖 ⬆

**Orlando Viera-Blanco** @vierablanco · May 24
22-Según estima la defensa, demandantes han admitido que todos los hechos y las lesiones ocurrieron en Vzla y por lo tanto, no han demostrado ningún efecto en los EEUU. La defensa estima como resultado probable que el Tribunal decida que no tiene jurisdicción sobre PDVSA et al.

---

🔍 Search

Abogado fundador VBLA 1989
Profesor Cultura Comparada.
Columnista El Universal. Presidente
VanAmérica. Ancla/Host EVTV Miami

**Live on X**

🎙 Noticias Caracol ⊘ is hosting

EN VIVO 🔴 Noticias Caracol -    🔵 -274
29 de mayo del 2024

**Switzerland trends**

1 · Trending                              ···
#WHA77
10.4K posts

2 · Survival competition · Trending      ···
#Kohlanta
22.2K posts

3 · Trending                              ···
Meyer Habib
227K posts

4 · Trending                              ···
Rafah
1.44M posts

5 · Politics · Trending                   ···
De Luca
12.7K posts

6 · Trending                              ···
Terror
104K posts

7 · Trending                              ···
Russen
4,057 posts

8 · Trending                              ···
Erklärung
1,362 posts

9 · Trending                              ···
#Macron
8,926 posts

10 · Trending                             ···
Genozid
2,769 posts

Show more

Terms of Service   Privacy Policy   Cookie Policy
Accessibility   Ads info   More ···   © 2024 X Corp.

4

Transcript in Spanish and Automatic translation to English of the Twitts thread above:

| Spanish Transcript | Automatic English Translation |
|---|---|
| **Orlando Viera-Blanco @ovierablanco · May 24** | **Orlando Viera-Blanco @ovierablanco · May 24** |
| 0. **Atención** !! Nueva demanda ha sido incoada contra PDVSA AD Hoc, CITGO et al. Querella por daños y lesiones sufridos por Vzlanos en Vzla sin conexión-alerta defensa-en US. Un litis consorcio [Class Action, Civ. No. 23-cv-00989/Corte de Dtto. Delaware] que explicamos sumariamente 🧵 : | 0. **Attention** !! New lawsuit has been filed against PDVSA AD Hoc, CITGO et al. Complaint for damages and injuries suffered by Vzlanos in Vzla without connection-defense alert-in US. A consortium litigation [Class Action, Civ. No. 23-cv-00989/Dtto Court. Delaware] which we explain summarily 🧵 : |
| 1. La demanda fue presentada por ciudadanos Vzlamos: Jorge Alejandro III Rodríguez Moreno; Iván Freites C.; Emilio Venuti; Ángel Moreno, Jesús A.M.Carrillo; Miguel Enrique Otero; Pedro O. Mora; profesionales, empresarios editor, sindicalistas*+, & algunos ex trabajadores de PDVSA | 1. The lawsuit was filed by Vzlamos citizens: Jorge Alejandro III Rodríguez Moreno; Iván Freites C.; Emilio Venuti; Ángel Moreno, Jesús A.M.Carrillo; Miguel Enrique Otero; Pedro O. Mora; professionals, editor businessmen, trade unionists*+, & some former PDVSA workers |
| 2. **Demandados**: Petróleos de Venezuela S.A. (PDVSA); PDV Holding Inc; PDV América Holding Inc; CITGO Holding Inc; Corporación Petrolera CITGO; Junta Administrativa Ad-Hoc de PDVSA Ad Hoc+presuntos co-conspiradores, que incluyen una variedad de organizaciones; entre otras: | 2. **Defendants**: Petróleos de Venezuela S.A. (PDVSA); PDV Holding Inc; PDV América Holding Inc; CITGO Holding Inc; CITGO Oil Corporation; PDVSA Ad Hoc Administrative Board+alleged co-conspirators, including a variety of organizations; among other: |
| 3. Unas quince filiales de PDVSA, más organizaciones como ExxonMobil, BP, Conoco, Chevron, ex ministros del gobierno de Vzla y el propio gobierno vzlano. A esta acción tipo litis consorcio, se sumarían otros 1700 trabajadores de | 3. About fifteen subsidiaries of PDVSA, plus organizations such as ExxonMobil, BP, Conoco, Chevron, former ministers of the Vzla government and the Vzlano government itself. Another 1,700 industry workers and 400 El Nacional workers |

| | |
|---|---|
| la industria y 400 trabajadores de El Nacional; | would join this consortium-type action; |
| 4. Reclamos son por hechos acaecidos en Vzla vinculados a violación de DDHH, civiles y político; persecución política, expropiación; difamación agravada, encarcelamiento, tratos crueles. Esta conexión factual exclusiva con Vzla, plantea-dixit defensa-revisar jurisdicción en US; | 4. Claims are for events that occurred in Vzla linked to violation of human rights, civil and political; political persecution, expropriation; aggravated defamation, imprisonment, cruel treatment. This exclusive factual connection with Vzla, raises-dixit defense-review jurisdiction in US; |
| 5. La demanda expresa que la jurisdicción aplicable es la Vzlana, porque allí ocurrieron los hechos y los demandantes estaban ahí al producirse los daños. Alegan los demandantes, US [Delaware] tiene jurisdicción porque las corporaciones demandadas tienen ahí establecido domicilio; | 5. The complaint states that the applicable jurisdiction is Vzlana, because the events occurred there and the plaintiffs were there when the damages occurred. The plaintiffs allege, US [Delaware] has jurisdiction because the defendant corporations have established domicile there; |
| 6. Alegan querellantes: En la Ley de Registro de Activos Extranjeros figura domicilio de la Junta Ad Hoc PDVSA y PDV Holding en Hollywood Fl. Citan a Francisco Illaramendi y Kenwood Management Group como agentes que usaron Fondo de Pensiones de PDVSA en un esquema Ponzi [2000]; | 6. Complainants allege: The Foreign Assets Registration Law contains the address of the PDVSA and PDV Holding Ad Hoc Board in Hollywood Fl. They cite Francisco Illaramendi and Kenwood Management Group as agents who used PDVSA Pension Fund in a Ponzi scheme [ 2000]; |
| 7. En lo relativo a la prescripción, el reclamo presenta 2 argumentos con respecto a la cuestión del plazo: i-El argumento que la doctrina de las violaciones continuas se aplica en este caso y, por lo tanto, el estatuto de limitaciones se ha venido cobrando durante décadas y ii.- | 7. Regarding the statute of limitations, the claim presents 2 arguments regarding the issue of time limit: i-The argument that the doctrine of continuing violations applies in this case and, therefore, the statute of limitations has been been charging for decades and ii.- |
| 8. El Estatuto sobre daños a extranjeros("ATS") no prevé un plazo de prescripción específico [...] La querella pide certificación para incluir a más de 1700 trabajadores+400 trabajadores de | 8. The Statute on damages to foreigners ("ATS") does not provide for a specific limitation period [...] The complaint requests certification to include more than 1,700 workers + 400 workers of 'El |

6

| | |
|---|---|
| 'El Nacional'. La querella alega que el caso afecta a 20.000 trabajadores por persecución; | Nacional'. The complaint alleges that the case affects 20,000 workers due to persecution; |
| 9. La demanda afirma que 150 personas otorgaron declaración jurada de ser despedidos por los demandados y perder sus propiedades. Alegan que "varias decenas" de los agraviados residen en US. Pero el único demandante que estaría en los EEUU sería el Sr. Freites, que busca asilo. | 9. The lawsuit claims that 150 people gave sworn statements of being fired by the defendants and losing their property. They allege that "several dozen" of the victims reside in the US. But the only claimant who would be in the US would be Mr. Freites, who is seeking asylum. |
| 10. No se declara-señala la defensa-que ningún otro individuo viva en US. La demanda hace amplias acusaciones de confiscación de bienes y persecución política [gobierno vzlano]. La demanda establece que la gran mayoría de estos actos supuestamente ocurrieron entre 2002 y 2005. | 10. It is not stated - the defense points out - that any other individual lives in the US. The lawsuit makes broad accusations of asset confiscation and political persecution [Vzlano government]. The lawsuit states that the vast majority of these acts allegedly occurred between 2002 and 2005. |
| 11. Se menciona explosión [2010] en refinería de Amuay. Afirman que demandados crearon condiciones de trabajo peligrosas y pusieron a despedidos en una lista negra, alentando violencia física y psicológica. Demanda intenta conectar con Crystallex, acusados y figura de alter ego; | 11. An explosion [2010] is mentioned at the Amuay refinery. They claim defendants created dangerous working conditions and blacklisted those fired, encouraging physical and psychological violence. Lawsuit attempts to connect with Crystallex, defendants and alter ego figure; |
| 12. El análisis alter ego luce inconexo según la defensa. La querella involucra indiscriminadamente a demandados y co-conspiradores. Afirma que trabajaron juntos para perjudicar a demandantes. Citan aleatoriamente supuestos casos de relaciones entre Demandados como CITGO y PDVSA; | 12. The alter ego analysis seems disjointed according to the defense. The complaint indiscriminately involves defendants and co-conspirators. He claims they worked together to harm plaintiffs. They randomly cite alleged cases of relationships between Defendants such as CITGO and PDVSA; |
| 13. Las causas de acción incluyen: Incumplimiento de contratos laborales [impago de salarios y beneficios completos, privándolos de seguro | 13. Causes of action include: Breach of employment contracts [failure to pay full wages and benefits, depriving them of health insurance; non-payment of overdue |

médico; impago de facturas vencidas y rescisión de contrato sin justa causa]. Tergiversación fraudulenta Conversión/incautación de bienes;

14. Demandan difamación: Sostienen que el Presidente de Vzla, Ministros y miembros del Parlamento y "otros acusados", hicieron declaraciones despectivas y falsas, entre ellas "etiquetar a los demandantes como terroristas, liderar el encarcelamiento, el exilio y la persecución";

15. La querella solicita daños monetarios por un total de 597 millones de dólares. Incumplimiento anticipado de empleo; negligencia, mala fe; agresión; encarcelamiento; imposición intencional de estrés emocional; violación de la legislación laboral Vzlana; violación de tratados;

16. Según la defensa esta causa no es viable. Demandantes no han servido emplazamiento procesal adecuado a Demandados conforme Ley de Inmunidades Soberanas Extranjeras/"Foreign Sovereign Immunities Act ["FSIA"]. PDVSA está protegida por esta ley por ser propiedad del Estado Vzlano;

17. Demandantes-indican expertos de la defensa-deben cumplir con los requisitos de la FSIA sobre disposiciones que rigen la notificación del proceso. La FSIA prevé métodos de notificación jerárquica. La notificación al Sr Medina-alertan-no satisface requisitos de citación de FSIA;

18. Expresa la defensa que el orden jerárquico o método de notificación según la FSIA, exige que la citación se

---

invoices and termination of contract without just cause]. Fraudulent misrepresentation Conversion/seizure of property;

14. They claim defamation: They maintain that the President of Vzla, Ministers and members of Parliament and "other defendants" made derogatory and false statements, including "labeling the plaintiffs as terrorists, leading imprisonment, exile and persecution";

15. The complaint seeks monetary damages totaling $597 million. Early breach of employment; negligence, bad faith; assault; imprisonment; intentional infliction of emotional stress; violation of Vzlana labor legislation; violation of treaties;

16. According to the defense, this cause is not viable. Plaintiffs have not served adequate process to Defendants under the Foreign Sovereign Immunities Act ["FSIA"]. PDVSA is protected by this law because it is property of the Vzlano State;

17. Plaintiffs - defense experts indicate - must comply with the FSIA's requirements on provisions governing service of process. The FSIA provides for hierarchical reporting methods. The notification to Mr Medina - alert - does not satisfy FSIA subpoena requirements;

18. The defense expresses that the hierarchical order or method of notification according to the FSIA requires

8

realice: 1-Conforme a un acuerdo especial entre las partes. 2-De no existir acuerdo, deberá citarse a un agente plenamente autorizado por ley o convenio internacional;

19. La defensa alerta que Corte de Delaware carece de competencia en la materia. Si bien la notificación defectuosa puede subsanarse, la falta de jurisdicción no puede. La FSIA es base jurídica que establece jurisdicción sobre un estado extranjero, sus agencias o instrumentalidad;

20. Como agencia o instrumentalidad de un Estado extranjero, PDVSA tiene derecho a inmunidad soberana a menos que se aplique una excepción a esa inmunidad, que son acciones legales o reclamos conexos con su actividad comercial. La defensa de PDVSA et al afirma que esto fracasaría;

21. Conclusión: La defensa afirma que la excepción de inmunidad no aplica por no tener los hechos/actividades demandadas efecto directo en US. "Demandantes no invocan ninguna actividad comercial que haya ocurrido en los US" por lo que concluye-la defensa-que la acción es inviable"

22. Según estima la defensa, demandantes han admitido que todos los hechos y las lesiones ocurrieron en Vzla y por lo tanto, no han demostrado ningún efecto en los EEUU. La defensa estima como resultado probable que el Tribunal decida que no tiene jurisdicción sobre PDVSA et al.

---

that the summons be made: 1-In accordance with a special agreement between the parties. 2-If there is no agreement, an agent fully authorized by law or international agreement must be summoned;

19. The defense warns that the Delaware Court lacks jurisdiction in the matter. While defective notice can be cured, lack of jurisdiction cannot. The FSIA is a legal basis that establishes jurisdiction over a foreign state, its agencies or instrumentality;

20. As an agency or instrumentality of a foreign State, PDVSA is entitled to sovereign immunity unless an exception to that immunity applies, which is legal actions or claims related to its commercial activity. The defense of PDVSA et al states that this would fail;

21. Conclusion: The defense affirms that the immunity exception does not apply because the facts/activities claimed do not have direct effect in the US. "Plaintiffs do not invoke any commercial activity that has occurred in the US" which is why the defense concludes that the action is unviable."

22. According to the defense, plaintiffs have admitted that all the events and injuries occurred in Vzla and therefore, they have not demonstrated any effect in the United States. The defense considers as a probable result that the Court will decide that it does not have jurisdiction over PDVSA et al.

The Damaging Tweet above was amplified by the following accounts. At least three of the amplifying accounts are of NGOs directly controlled by Orlando Viera-Blanco, those of Center for Liberal Democracy Development (@CENLDD), Orlando Viera-Blanco (@ovierablanco) and VenAmérica Comunica (@venamericacom) .

The complete list is as follows:

| Person or Entity Name | Username (X/Twitter) |
|---|---|
| Center for Liberal Democracy Development | @CENLDD |
| Orlando Viera-Blanco | @ovierablanco |
| VenAmérica Comunica | @venamericacom |
| Sandra Cordero | @Cordero24Sandra |
| Ricardo Calderon | @gilwell_vzla |
| Jorge José Valera | @jjvaler |
| solo para informarme | @parsasbermas1 |
| Berenide Marvelis Torres | @BerenideTorres |
| ADDONAY DUQUE | @ADONAYDUQUE |
| RJ® | @ReneJSuarez |
| sra.voltaire | @sravoltaire |
| El Bolivarense | @el_bolivarense |
| Carlos Guanipa Garcia | @AgExilon |
| ronnix rangel | @ronnixrangel |
| carolina mora | @ansecar |
| JCCotte | @JCCotte |

10

| 📷Terabyte📷 | @RICHARDTERABYTE |
| Marisol Jimenez | @marisoljimenezm |
| Yoselynn📷 | @100toVenezuela |

The Twitter Thread reveals information that is sealed by Court Order and Only Known to the Parties.

Specially critical is the information that identifies plaintiffs:

> *"1. The lawsuit was filed by Vzlamos citizens: Jorge Alejandro III Rodríguez Moreno; Iván Freites C.; Emilio Venuti; Ángel Moreno, Jesús A.M.Carrillo; Miguel Enrique Otero; Pedro O. Mora; professionals, editor businessmen, trade unionists\*+, & some former PDVSA workers"*

1. One of the  damaging Twits from the anonymous  @douglasarrecho correspond to the following Twits:

   On May 16th the following Tweet (Marked as Tweet 2.1), with defamatory content against Lead Plaintiff was originated from the @douglasarrecho account:









| Text of the Twit in Spanish | Automatic English Translation |
|---|---|
| 1/ En una vuelta de tuerca irónica, Iván Freites, ex miembro del Polo Patriótico y perseguidor de despedidos de PDVSA 2002-2003, ahora se presenta como "defensor" de aquellos a quienes antes atacó. Demandó a CITGO para que asuma compromisos laborales no exigidos por PDVSA roja. | 1/ In an ironic twist, Iván Freites, former member of the Patriotic Pole and persecutor of those fired from PDVSA 2002-2003, now presents himself as a "defender" of those whom he previously attacked. He sued CITGO to assume labor commitments not required by red PDVSA. |
| 2/ Freites, actualmente en el Doral, Miami, tramita su asilo político desde allí. Con esta demanda, busca financiar su sueño americano, aprovechando las esperanzas de ex trabajadores de PDVSA perjudicados por Chávez en 2002, a quienes obtiene recursos para vivir. | 2/ Freites, currently in Doral, Miami, processes his political asylum from there. With this lawsuit, he seeks to finance his American dream, taking advantage of the hopes of former PDVSA workers harmed by Chávez in 2002, from whom he obtains resources to live. |

13

| | |
|---|---|
| 3/ Pero la historia no termina ahí. Según fuentes, el editor de El Nacional, @miguelhotero, también demanda a CITGO en nombre de los empleados del periódico. Otero fue condenado a pagar 13 millones de dólares tras perder una demanda civil iniciada por @dcabellor. | 3/ But the story doesn't end there. According to sources, the editor of El Nacional, @miguelhotero, is also suing CITGO on behalf of the newspaper's employees. Otero was sentenced to pay $13 million after losing a civil lawsuit brought by @dcabellor. |
| 4/ Otro de los demandantes es el empresario Jorge Rodríguez Moreno @madrugonazo cercano al grupo de Henry Falcón quien vive en Suiza y reclama derechos como contratista de PDVSA. | 4/ Another of the plaintiffs is the businessman Jorge Rodríguez Moreno @madrugonazo close to the Henry Falcón group who lives in Switzerland and claims rights as a PDVSA contractor. |
| 5/ Cabe preguntarse, ¿por qué CITGO debería pagar dinero a Otero? Este último, además, reclama una cifra millonaria para sí mismo. La conexión entre Freites y Otero en esta aventura judicial contra la empresa petrolera estadounidense plantea más interrogantes que respuestas | 5/ It is worth asking, why should CITGO pay money to Otero? The latter also claims a millionaire figure for himself. The connection between Freites and Otero in this judicial adventure against the American oil company raises more questions than answers |

This Thread above is clearly in breach of Court Order as it reveals the identity of Lead Plaintiff and details on the lawsuit only known to the parties and the Court. Additional to the breach of Court Order, the Thread is defamatory per se against Lead Plaintiff and Plaintiff 2, defamatory per quod against Plaintiff 5, and invades the privacy of Plaintiffs.

14

The Tweet was originated by the account of @douglasarrecho , presumably under control of Thaelman Urgelles and Alexis Ortiz. The Tweet was reposted by the following seventeen (17) accounts which clearly relate to each other and clearly relate to the Damaging Offender (Orlando Viera-Blanco) as well as to several of the damaging individuals or Twitter/X accounts.  The amplifying accounts are as follows:



| Name (Real or Fictitious) | Username | Known relation to Damaging Individuals |
|---|---|---|
| Luis Valderrama V | @LuisVal37679677 | |
| Mujerhabitad | @mujerhabitad | |
| Thaelman Urgelles | @TUrgelles | Co workers as hosts, anchors, etc. in EVTV.  Close friends. |
| Orlando Araujo | @OrlandoAraujo | |
| Jose V Carrasquero A | @botellazo | Self proclaimed expert in Digital and Political Campaigns. Close friend to Horacio Medina and Orlando Viera-Blanco. Jose Vicente Carrasquero and Thaelman Urgelles, both act as hosts or producers of programs/ podcasts/ documentaries interviewing and favoring the legal representative the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina  in the same TV station where the Damaging Offender, Orlando Viera-Blanco, holds a regular show and doubles as a permanent guest.Mr. Carrasquero recently produced a friendly and flattering interview to the legal representative of the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina , transmitted |

| | | |
|---|---|---|
| | | and amplified by the same group of individuals. |
| PlaDeJesus | @panpuro | |
| Ramon A Aguilar | @aguilarucv | |
| Beatriz Garcia | @bea_libertad | Beatriz García, additional to the amplification of the damaging Twits from the anonymous @douglasarrecho account in a concerted way,  it is also to be noted as evidence of the close relationship and long lasting damaging actions against Plaintiffs the existence of an audio file from (or about October) where the legal representative the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina  instructed the aforementioned Mrs. Beatriz García to disseminate defamatory and damaging comments against Lead Plaintiff and Plaintiff FREITES. A transcript and translation of such audio is provided. The defamatory audio has been spread through the E-Mail lists and social media groups of "Gente del Petroleo" and "UNAPETROL". Mrs. Beatriz Garcia controls the mailing list of Gente del Petroleo and is the current President of such NGO. UNAPETROL is an NGO presided until now by the key person of the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina , currently under "temporary leave" as President of UNAPETROL but |

| | | |
|---|---|---|
| | | de facto controlling it. The defamatory audio has been distributed to thousands of potential Plaintiffs in a similar situation to current Plaintiffs through E-Mails in the NGO Gente del Petroleo mailing lists. Mr. Horacio Medina is a founding member of Gente del Petroleo. |
| Lino Carrillo | @canadiensedeVz1 | Member and Director of Gente del Petroleo NGO. Close personal friend of Horacio Medina and Beatriz Garcia. |
| Ghalgneron | @ghalgneron | |
| Douglas Arrecho NOTE: Presumably owned jointly by Alexis Ortiz and Thaelman Urgelles | @DouglasArrecho | Tweet Originator. One of the presumed controllers of the account, Mr. Alexis Ortiz as shown in Exhibit C , recently published a book with Foreword by Horacio Medina and Epilogue by Orlando Viera-Blanco. Close friend to Orlando Viera-Blanco, Thaelman Urgelles, Alexis Ortiz, Enrique Alvarado. |
| Greilys Cañizalez | @grieca | |
| Cesar Cayo Augusto Caligula | @Cesar_Caligula | Bot account presumably under control of Jose Vicente Carrasquero. |

| | | |
|---|---|---|
| tomas millan | @tomas_millan | |
| eemm | @lizmart12 | |
| Turopademarcas | @turopademarcas | |
| Noticiero de Verdad ® 🏳️🏴🏳️ NOTE: While this intended for a time to be an anonymous account, it has been involved in a number of public grievances in Venezuela and in Florida since 2013,  where the name of the person controlling the account has been credibly identified as "Federico Guillermo MEDINA-RAVELL" born in Caracas Jan 7th, 1954 currently a resident of Orlando, FL. | @LucioQuincioC | Fictitious anonymous account linked in operational way to individuals Orlando Viera-Blanco and Jose Vicente Carrasquero. Has been involved in inflamatory campaigns against individuals jointly with the account of @douglasarrecho before.  |



Tweet 2.1 (In Breach of Court Order and Defamatory against Lead Plaintiff and Plaintiff 2):

**On May 16th the following Tweet (Marked as Tweet 2.2), with defamatory content was broadcasted by Defendant Alexis Ortiz,**

Tweet 2.2 (In Breach of Court Order and Defamatory against Lead Plaintiff and Plaintiff 2):

⟲ Douglas Arrecho reposted

 **Douglas Arrecho** @DouglasArrecho · May 16 · · ·
Jorge A. Rodriguez @madrugonazo para diferenciarce de @jorgerpsuv se
hace llamar Jorge El Bueno. Ing Eléctrico fue VICE presidente de Cadafe con
@chavezcandanga destituido por corrupción. Vive refugiado en Suiza
esperando regresar a CCS luego del 28J cual AVE Fenix como opositor

> ## Señalan a los dirigentes opositores Jorge Alejandro Rodríguez e Iván Freites de intentar cobrar honorarios por reclamar las prestaciones de miles de trabajadores despedidos de PDVSA
>
> 🔒 hable se   🕐 Domingo, Septiembre 17, 2023



💬        ⟲ 14        ♡ 3        ılıl 1.2K        🔖    ⬆

| Text of the Tweet in Spanish | Automatic English Translation |
|---|---|
| Jorge A. Rodriguez @madrugonazo para diferenciarce de @jorgerpsuv se hace llamar Jorge El Bueno. Ing Eléctrico fue VICE presidente de Cadafe con @chavezcandanga destituido por corrupción. Vive | Jorge A. Rodriguez @madrugonazo to differentiate himself from @jorgerpsuv calls himself Jorge El Bueno. As Electrical Engineer he was VICE president of Cadafe with @chavezcandanga /PRESIDENT |

21

| | |
|---|---|
| refugiado en Suiza esperando regresar a CCS luego del 28J cual AVE Fenix como opositor | HUGO CHAVEZ/ and dismissed for corruption. He is refugeed in Switzerland waiting to return to Caracas after 28th of July elections like the Fenix Bird as an opositor to the government. |
| TEXTO DE LA IMAGEN MOSTRANDO A JORGE ALEJANDRO RODRIGUEZ E IVAN FREITES | TEXT OF THE IMAGE SHOWING JORGE ALEJANDRO RODRIGUEZ AND IVAN FREITES |
| Señalan a los dirigentes opositores Jorge Alejandro Rodríguez e Iván Freites de intentar cobrar honorarios por reclamar las prestaciones de miles de trabajadores despedidos de PDVSA | Opposition leaders Jorge Alejandro Rodríguez and Iván Freites are being signaled of trying to collect fees for claiming the benefits of thousands of workers fired from PDVSA |

The Tweet was originated by the account of @douglasarrecho , under control of Alexis Ortiz. The Tweet was reposted by the following accounts which relate to each other or to several of the damaging individuals or Twitter/X accounts (Orlando Viera-Blanco and others) as follows:

| Name (Real or Fictitious) | Username | Known relation to Damaging Individuals |
|---|---|---|
| Libertad! | @tzcastillo | |
| Myriam Bolívar | @AURORABOREALVE | |
| Frederick | @BVENE | |
| NELSON CABRERA GOMEZ | @elcharero | |
| Enma Perozo | @emma_perozo | |

| | | |
|---|---|---|
| SANDRITA | @SANDRAVELASQ | |
| Cacharrito1946 | @cacharrito1946 | |
| Noticiero de Verdad ® 📰📺📻<br><br>NOTE: While this intended for a time to be an anonymous account, it has been involved in a number of public grievances in Venezuela and in Florida since 2013,  where the name of the person controlling the account has been credibly identified as "Federico Guillermo MEDINA-RAVELL" born in Caracas Jan 7th, 1954 currently a resident of Orlando, FL. | @LucioQuincioC | Fictitious anonymous account linked in operational way to individuals Orlando Viera-Blanco and Jose Vicente Carrasquero. Has been involved in inflamatory campaigns against individuals jointly with the account of @douglasarrecho before.<br><br> |

| | |  |
|---|---|---|
| No al comunismo!! | @altodesgraciado | Anonymous account |
| Lino Carrillo | @canadiensedeVzl | Member of Gente del Petroleo NGO. Close personal friend of Horacio Medina. |
| Douglas Arrecho NOTE: Presumably owned jointly by Alexis Ortiz and Thaelman Urgelles | @DouglasArrecho | Tweet Originator. Alexis Ortiz as shown in Exhibit C published a book with Foreword by Horacio Medina and Epilogue by Orlando Viera-Blanco. |
| EnriqueAlvarado | @ERAlvarado | Close friend to Alexis Ortiz and Orlando Viera-Blanco, several times interviewed by Alexis Ortiz in the TV Program hosted by Ortiz, as well as by Orlando Viera-Blanco. |

24

| | | |
|---|---|---|
| | |  |
| Cesar Cayo Augusto Caligula | @Cesar_Caligula | Anonymous account linked operationally extremely close to Jose Vicente Carrasquero (@botellazo) |
| jose zambrano | @rafaelzamrod | |

2. As it is seen several of such accounts belong to persons extremely close to PDVSA ad hoc and its subsidiaries, such individuals namely, Jose Vicente Carrasquero, Beatriz Garcia, Lino Carrillo, Beatriz Garcia, Thaelman Urgelles and Enrique Alvarado.

3. In the case of **Defendants Jose Vicente Carrasquero and Thaelman Urgelles,** both act as hosts or producers of programs/ podcasts/ documentaries interviewing and favoring the legal representative the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina  in the same TV station where the Damaging Offender, Orlando Viera-Blanco, holds a regular show and doubles as a permanent guest.

4. Specifically in the case of  Jose Vicente Carrasquero, Mr. Carrasquero replicated the damaging Twits from the anonymous account of @douglasarrecho . Mr. Carrasquero recently produced a friendly and flattering interview to the legal representative of the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina , transmitted and amplified by the same group of individuals.

5. Specifically in the case of Beatriz García, additional to the amplification of the damaging Twits from the anonymous @douglasarrecho account in a concerted way, it is also to be noted as evidence of the close relationship and long lasting damaging actions against Plaintiffs the existence of an audio file from (or about October) where the legal representative the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina instructed the aforementioned Mrs. Beatriz García to disseminate defamatory and damaging comments against Lead Plaintiff and Plaintiff FREITES. A transcript and translation of such audio is provided. The defamatory audio has been spread through the E-Mail lists and social media groups of "Gente del Petroleo" and "UNAPETROL". UNAPETROL is an NGO presided until now by the key person of the PDVSA ad hoc and its subsidiaries, Mr. Horacio Medina , currently under "temporary leave" as President of UNAPETROL but de facto controlling it. The defamatory audio has been distributed to thousands of potential Plaintiffs in a similar situation to current Plaintiffs through E-Mails in the NGO  Gente del Petroleo mailing lists.  Mr. Horacio Medina is a founding member of Gente del Petroleo.

6. In the case of Thaelman Urgelles, Mr. Urgelles replicated the damaging Twits from the anonymous account of @douglasarrecho . Mr. Urgelles had boasted in political reunions during the presidential campaign in Venezuela of 2012 of being in control of such account in that time together with one Mr. Alexis Ortiz. Mr. Urgelles recently produced a documentary about the situation in the Venezuelan Amazonian, in such documentary Mr Horacio Medina, the PDVSA ad hoc and its subsidiaries Key Person, Mr. Horacio Medina , is one of the leading and advertised main characters and interviewed persons.

Here an screenshot from the IMDb ( IMDb is the world's most popular and authoritative source for movie, TV and celebrity content ) link to the Oro de Sangre documentary and the screenshot of today featuring Mr. Horacio Medina as "Star" and Mr. Thaelman Urgelles as Director.



Link:  https://www.imdb.com/title/tt21072510/

Additionally, Orlando Viera-Blanco congratulated recently Thaelman Urgelles on the above documentary "Oro de Sangre" where Mr Horacio Medina, the PDVSA ad hoc and its subsidiaries Key Person , is one of the leading and advertised main characters and interviewed persons.



7.

| Text of the Tweet in Spanish | Automatic English Translation |
|---|---|
| Orlando Viera-Blanco @ovierablanco<br><br>Felicitaciones a @TUrgelles [Thaelma Urgelles] por sus merecidos galardones al documental @OroDeSangre. Una denuncia bien documentada que gracias a sus impactantes imágenes, cobra el nivel de interés y condena que merece tamaña devastación. ¡Bravo querido Thaelma!<br><br>5:48 PM - May 13, 2024 | **Orlando Viera-Blanco @ovierablanco**<br><br>**Congratulations to @TUrgelles [Thaelma Urgelles] for his well-deserved awards for the documentary @OroDeSangre. A well-documented complaint that, thanks to its shocking images, gains the level of interest and condemnation that such devastation deserves. Bravo dear Thaelma!**<br><br>**5:48 PM - May 13, 2024** |

The coordinated violation of court order in the case of the Tweets originated from the account @douglasarrecho , under control of Thaelman Urgelles and Alexis Ortiz has been hereby detailed.