# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 24-cv-24176-CMA**

IVAN R. FREITES, et al.,

Plaintiffs,

v.

ORLANDO VIERA-BLANCO, et al.,

Defendants.

```
FILED BY   M Co   D.C.

   SEP 0 4 2025

     ANGELA E. NOBLE
   CLERK U.S. DIST. CT.
   S. D. OF FLA. - MIAMI
```

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice to bring to the Court's attention new, material information filed in a related proceeding, directly relevant to the previously dismissed case, as Defendants presented themselves as *pro se* litigants while being assisted.

On August 28, 2025, Plaintiffs filed the following motions in Case No. 1:25-cv-20465-BB:

- **A Motion for Sanctions and Disqualification Against Carlos Sardi,**

**Sardi Law PLLC, Gabor Gazsó von Klingspor, and Diaz Reus & Targ LLP** (ECF No. 233).

- **A Motion for Sanctions Against Diaz, Reus and Targ (DRT) for Perjury and Fraud upon the Court** (ECF No. 235).

These provide evidence that Defendants Jose Vicente Carrasquero and others, who appeared as *pro se* litigants in Case No. 24-cv-24176, were receiving undisclosed assistance from attorneys from **Sardi Law PLLC** and **Diaz Reus & Targ LLP (DRT)**[1]. This is widely considered a sanctionable offense[2].

Motions assert that this explains the presence of Mr. Sardi and Gazso at the evidentiary hearing on   January   before this Honorable Court[3]. In that hearing, when questioned by Judge Altonaga on their presence in the courtroom, these attorneys hid their relationship with the *"pro se"* defendants and the nature of their representation, a deliberate deception against the integrity of the proceedings and a fraud upon the Court.  This new evidence provides critical context regarding the conduct of defendants and their counsel in this matter.

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

Jorge Alejandro Rodriguez, Pro Se 

Eichholzstrasse 2,

6312-steinhausen, CH

Miguel Enrique Otero, Pro Se 

Eichholzstrasse 2,

6312-steinhausen, CH

EXHIBIT A:

- **Motion for Sanctions and Disqualification Against Carlos Sardi, Sardi Law PLLC, Gabor Gazsó von Klingspor, and Diaz Reus & Targ LLP** (ECF No. 233).

EXHIBIT B:

- **Motion for Sanctions Against Diaz, Reus and Targ (DRT) for Perjury and Fraud upon the Court** (ECF No. 235).

***Certificate of Service***

I HEREBY CERTIFY that on this day of September, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

EXHIBIT A:

- **Motion for Sanctions and Disqualification Against Carlos Sardi, Sardi Law PLLC, Gabor Gazsó von Klingspor, and Diaz Reus & Targ LLP** (ECF No. 233).

Case 1:25-cv-20465-CMA Document 235 Entered on FLSD Docket 08/28/2025 Page 1 of 11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20465-BLOOM/Elfenbein

IVAN R. FREITES C., et al.,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

```
FILED BY _____ D.C.

AUG 28 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

**PLAINTIFFS' ADDITIONAL POST-JUDGMENT MOTION FOR ADDITIONAL SANCTIONS AGAINST DIAZ, REUS AND TARG (DRT) FOR PERJURY AND FRAUD UPON THE COURT AS SHOWN IN THE CONTRADICTORY EMAIL AND WHATSAPP EXCHANGE BETWEEN ATTORNEY JAVIER CORONADO AND FORMER DRT ATTORNEY JORGE SCHMIDT; AND IN SUPPORT OF PLAINTIFFS' PENDING EXPEDITED POST-JUDGMENT MOTION FOR SANCTIONS, GRIEVANCE COMMITTEE REFERRAL, SANCTIONS, FORMAL RULING ON DISQUALIFICATION AND REQUEST FOR EVIDENTIARY HEARING (ECF 172); NECESSITY FOR EVIDENTIARY HEARING AND LEAVE FOR LIMITED DISCOVERY.**

Plaintiffs, Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodriguez M., proceeding pro se, respectfully submit this additional motion. This motion is grounded upon new and verified evidence of multiple instances of potential perjury and a broader pattern of misconduct, additional to those presented in ECF 172 and other post-judgement motions on several violations of the law by opposing parties and their counsel, throughout the proceedings and after a Final Order (ECF 165) was issued by the Court. The evidence detailed herein is a direct and material refutation of sworn statements previously submitted to the Court by defense counsel. This motion is necessitated by the defense's continued refusal to address these issues, which forces Plaintiffs to seek judicial intervention to expose the full scope of the misconduct and its impact on the integrity of the proceedings.

*In limine.*

Pursuant to Federal Rule of Civil Procedure 6(e), Plaintiffs respectfully remind the Court that as pro se litigants who are served by conventional mail, the calculation of any prescribed response periods must include an additional three days. Federal Rule 6(e) explicitly mandates that whenever a party is served a notice or other paper by mail, an additional three days "shall be added to the prescribed period". Accordingly, Plaintiffs' deadlines to respond to any filings must be computed to include this three-day extension.

2

Case 1:24-cv-24076-CMA Document 235 Entered on FLSD Docket 08/28/2025 Page 3 of 44

WHEREFORE, Plaintiffs respectfully pray that the Court correct all formerly calculated deadlines for filings in this matter to reflect the three (3) additional days mandated by Federal Rule of Civil Procedure 6(e) for papers served by mail, as Plaintiffs are proceeding pro se and are served by this method. Plaintiffs seek this correction to ensure that all future filings are timely and in full compliance with the Federal Rules of Civil Procedure.

## I. Preliminary Statement

This document is submitted as a formal Motion in Support by Plaintiffs Ivan R. Freites C., Miguel Enrique Otero C., and Jorge Alejandro Rodriguez M. ("Plaintiffs"), acting *pro se*. The purpose of this Motion is to apprise the Court of the discovery and recent verification of critical new evidence that directly supports Plaintiffs' pending post-judgment motions, specifically the "Expedited Post-Judgment Motion for Sanctions" (ECF No. 172) and "Expedited Plaintiffs' Motion for Evidentiary Hearing and for Relief from Final Judgment" (ECF No. 218) and others as per the following table:

| Date | ECF No. | Description |
|---|---|---|
| 05/23/2025 | 172 | EXPEDITED MOTION for Sanctions, MOTION for Grievance Committee Referral, Sanctions, Formal Ruling On Disqualification, and MOTION for Evidentiary Hearing. |
| 06/09/2025 | 178 | NOTICE of Filing Notice to the Court Regarding Attorney Gabor Gazso's Prior In Chambers Internship with the Presiding Judge, relevant to docket entry 172. |
| 06/18/2025 | 187 | Expedited Plaintiffs' Motion for Leave to Conduct |

4

| | | Limited Discovery in Advance of Expected Evidentiary Hearing, related to ECF 172. |
|---|---|---|
| 07/30/2025 | 218 | Expedited Plaintiffs' Motion for Evidentiary Hearing and For Relief From Final Judgment Pursuant to F.R.C.P. 60(b)(2) and 60(b)(3). |
| 08/08/2025 | 219 | Plaintiffs' Notice of Filing Exhibit In Support of Plaintiffs' Motion for Disqualification of Counsel ECF 172. |
| 08/15/2025 | 225 | Plaintiffs' Post-Judgment Motion for Sanctions Due to Perjury In a Sworn Affidavit and Evidentiary Hearing Based on Counsel's Fraud on the Court and Pattern of Misconduct. |
| 08/18/2025 | 226 | ORDER REFERRING MOTION TO MAGISTRATE JUDGE FOR A REPORT AND RECOMMENDATIONS. |

Plaintiffs' previously filed "Post-Judgment Motion for Sanctions" (ECF 172) asserts that Defendants' counsel, the law firm of Diaz, Reus & Targ, LLP ("DRT"), has engaged in a "pattern of concealment and bad-faith conduct".[1, 1] The allegations in ECF 172 and others include, but are not limited to, the

submission of a perjured affidavit from a firm witness and the concealment of a "substantially related" conflict of interest in violation of Florida Bar Rule 4-1.9.[1] That motion is supported by a prior federal court Order (the "Torres Order") disqualifying the firm's head, Michael Diaz, from a separate but related case due to a conflict of interest and misconduct the Court characterized as having "a fair amount of chutzpah".[1, 1]

**This motion filed post-judgment is necessitated by the defense's additional perjury surfaced in the Javier Coronado - Jorge Schmidt email exchange, and additional evidence of perjury. The post-judgement conduct of Defendants has created the need for several motions as their wrongdoings and abusive behaviour escalate hour by hour**. The newly verified evidence consists of a series of email exchanges that demonstrate an irreconcilable and material contradiction in the record created by Defendants' counsel, Diaz, Reus & Targ, LLP ("DRT"). The evidence irrefutably refutes the implicit and explicit assertions that former DRT attorney Jorge Schmidt had no communications with Plaintiff Jorge Alejandro Rodriguez regarding the underlying case. This contradiction not only undermines the credibility of the evidence previously submitted by DRT but also raises profound concerns regarding attorney professional conduct, the duty of candor to the Court, and the integrity of these proceedings. This Motion underscores the urgent necessity of an evidentiary hearing. Such a hearing is the only proper mechanism for the Court to resolve the grave allegations of attorney

6

misconduct, bad faith, and a potential fraud on the Court that this new evidence brings to light in addition to the previously presented evidence. Plaintiffs maintain that the defense's actions—the submission of contradictory evidence, the alleged stonewalling of Plaintiffs' verification efforts, and the coordinated threats of sanctions—are themselves the cause of any "unreasonable and vexatious multiplication" of these proceedings.[1]

## II. Factual and Procedural Background Leading to Verification

The sequence of events that led to the discovery of this critical evidence began with an inconsistency in the documents submitted by DRT. The Plaintiffs' initial inquiry was prompted by the examination of a purported WhatsApp communication between DRT attorney Javier Coronado and former DRT attorney Jorge Schmidt, which was included as an exhibit within the Defendants' submission at ECF No. 59-14.[1, 1] This particular exhibit contained a "materially impossible timeline" that Plaintiffs determined required clarification. This timeline discrepancy in the communications between counsel Javier Coronado and his former DRT colleague Jorge Schmidt, significant on its own, served as the catalyst for a more extensive investigation that ultimately uncovered a far more serious issue. As the time inconsistency if not clarified would be a clear evidence of fabrication of evidence by Javier Coronado and DRT, Plaintiffs initiated the proper conferral with DRT Mr. Javier Coronado. As Mr. Coronado insisted in the denial of any wrongdoing and provided alleged corroboration from his former colleague Jorge Schmidt, it became evident that

7

to resolve the timeline inconsistency and ensure the integrity of the record, Plaintiffs were to initiate a series of good-faith requests to Jorge Schmidt for verification. These requests, as documented in the attached exhibits, began on March 28, 2025, and were followed by repeated communications on April 15, 2025, and July 15, 2025, and a final fourth request on July 30, 2025.[1] In these emails, Plaintiffs explicitly and consistently requested that Mr. Schmidt independently verify the authenticity, content, and accurate date of the WhatsApp exchange, a matter they described as "vital to ensure the integrity of the evidence being considered".[1] Plaintiffs' diligent efforts to verify the evidence were met with a prolonged period of silence and alleged obstruction. Over a four-month period, from late March to late July 2025, Plaintiffs' requests for clarification were "stonewalled" by the defense[1] and Mr. Schmidt. A specific request made to Mr. Coronado for a phone number to facilitate a discussion about the timeline issue went unfulfilled, further preventing the matter from being brought to the Court's attention prior to the entry of judgment.[1] Plaintiffs specifically requested that Coronado provide a phone number to facilitate a discussion regarding the "materially impossible timeline" of the WhatsApp exchange, but he refused, stating there was "nothing to 'verify'." [1, 1] This protracted refusal to engage in a substantive dialogue or provide basic verification details demonstrates a clear pattern of non-cooperation by defense counsel. On July 31, 2025, after four months of sustained effort, Plaintiffs finally received a response from Mr. Schmidt[1] (after several emails in March 28,

8

April 15 and July 15, 2025, had gone unanswered). In his email, sent to Plaintiffs and copied to Javier Coronado, Mr. Schmidt confirmed that he had reviewed Exhibit 3 in DE 59-14 and that the screenshot "accurately captures the exchange between Mr. Coronado and me that took place on February 24, 2025".[1] While this response provided the requested date verification for the WhatsApp conversation, it was notably narrow in scope. It addressed only the single exhibit in question and made no mention of the broader context of his communications or his prior involvement in the case. This specific and limited response, coming after a period of lengthy delay, is now viewed in a new light given the evidence that Plaintiffs have since verified.

As a direct consequence of this persistent effort, and despite the defense's alleged attempts to suppress the verification of evidence, Plaintiffs were able to uncover and authenticate a separate email thread that was also included by DRT in ECF No. 59-14.[1] This thread now fundamentally undermines the very premise that Jorge Schmidt was not involved in communications with Plaintiff Rodriguez. The timeline of this discovery is critical, as it illustrates how Plaintiffs' pursuit of a seemingly minor factual discrepancy ultimately revealed a far more serious and systemic issue of potentially fraudulent evidence. The following table provides a concise chronology of these key events.

| Date | Event | Participants | Source |
| --- | --- | --- | --- |

| Mar 28, 2025 | Plaintiffs send the first email to Jorge Schmidt requesting verification of the WhatsApp exchange. | Plaintiffs, Jorge Schmidt | 1 |
|---|---|---|---|
| Mar 28 - Jul 30, 2025 | Plaintiffs send repeated requests for verification (Apr 15, Jul 15, Jul 30). Defense is alleged to have "stonewalled" these efforts. | Plaintiffs, Jorge Schmidt, Javier Coronado | [1, 1] |
| Jul 31, 2025 | Jorge Schmidt responds, verifying the date of the WhatsApp exchange as February 24, | Jorge Schmidt, Plaintiffs | 1 |

| | 2025. | | |
|---|---|---|---|
| Jul 31, 2025 | Plaintiffs send a request to confer with defense counsel regarding a forthcoming motion to file supplemental evidence. | Plaintiffs, Javier Coronado, Carlos Sardi, Michael Diaz, et al. | [1] |
| Aug 4, 2025 | Javier Coronado responds with an opposition to the motion and a threat of sanctions. | Javier Coronado, Plaintiffs, et al. | [1] |
| Aug 5, 2025 | Carlos Sardi responds, stating, "I agree with Mr. Coronado," in a show of unified | Carlos Sardi, Plaintiffs, et al. | [1] |

| | opposition. | | |
|---|---|---|---|
| Aug 6, 2025 | Plaintiffs send a final response alleging undisclosed joint representation and misconduct. | Plaintiffs, Javier Coronado, Carlos Sardi, et al. | [1] |

## III. The Evidentiary Contradiction and Perjury

Plaintiffs now possess verifiable proof that directly contradicts the central premise that Jorge Schmidt, a former DRT attorney, was not involved in communications with Plaintiff Jorge Alejandro Rodriguez M. This is not a matter of legal interpretation but a demonstrably false statement in the context of the record. The evidence is an email thread between Plaintiffs and DRT's Managing Partner, Michael Diaz, on which both Mr. Coronado and Mr. Schmidt were copied. This email chain, also presented by DRT in ECF No. 59-14, fundamentally undermines the defense's position and supports the Plaintiffs' claims of attorney misconduct.[1] The email thread, a partial reproduction of which is provided below (and the full printout is provided in Exhibit A) concerns a matter described as "Representation in Zürich / workers indemnization from CITGO and PDVSA".[1] The participants in this exchange are Michael Diaz

(MDiaz@diazreus.com), Javier Coronado (jcoronado@diazreus.com), Jorge Schmidt (jschmidt@diazreus.com) , Marta Colomar Garcia (mcolomar@diazreus.com) , Isabela Hemandez-Peredo (IHernandez Peredo@diazreus.com) and Plaintiff Jorge Alejandro Rodriguez M. (jorge.r@intramaq.com)[1] The email correspondence, beginning in October 2022 and extending to October 2023, was consistently carbon copied to the DRT personnel[1] included in the discussions.

The complete, unabridged text of the email thread as it was submitted in the record and has since been verified by the Plaintiffs is presented in Exhibit A.[1]

> *Exhibit A: Self Incriminating Email exchange starting September 2023 between Plaintiff Rodriguez and DRT on workers indemnification from CITGO and PDVSA as filed by Diaz Reus and Targ in ECF-59 Attachment 14, pages 39 to 46.*

A version without footers and advertising is presented as follows, and a copy of the self incriminating E-Mail evidence thread is attached as mentioned.

> *From: Michael Diaz MDiaz@diazreus.com*
>
> *Sent: Monday, October 2, 2023 12:03:17 PM*
>
> *To: Jorge Alejandro Rodriguez M. jorge.r@intramaq.com*
>
> *Cc: **Javier Coronado** jcoronado@diazreus.com; Marta Colomar*

*Garcia mcolomar@diazreus.com;* **Jorge Schmidt jschmidt@diazreus.com;** *Isabela Hernandez-Peredo <IHernandez Peredo@diazreus.com>; MD Meetings MDMeetings@diazreus.com*

*Subject: Re: Representation in Zürich / workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights*

*Are we having the call? No one is on.*

*Michael Diaz*

*Managing Partner | B.C.S.*

*MDiaz@diazreus.com | www.diazreus.com*

*On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez M. jorge.r@intramaq.com wrote:*

*Let's discuss it, we are all reasonable people.*

*Please suggest a time slot any day next week between 9.00 to noon Miami time.*

*Kind regards,*

*Jorge*

*On Wed, Sep 20, 2023, 5:50 PM Michael Diaz MDiaz@diazreus.com wrote:*

*Hello Jorge, I'm happy to discuss with you sometime next week, but*

*please understand we cannot and will not consider this case on a contingency fee / "contra resultados" basis given it's complexities and the amount of resources we need to dedicate to the case.*

> *Michael Diaz*
>
> *Managing Partner | B.C.S.*

*On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez M. jorge.r@intramaq.com wrote:*

> *Hi Michael,*
>
> *I hope this email finds you well.*
>
> *I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in*
>
> *Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil*
>
> *rights and human rights.*
>
> *The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.*
>
> *As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our case.*
>
> *I am interested in discussing the details further and exploring potential*

15

legal strategies.. I understand that this consultation will be subject to client-attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in person, over the phone, or via video conference.

During our consultation, I hope to:

1.    Provide a more comprehensive overview of the case.

2.    Understand your approach to similar cases or issues.

3.    Discuss potential legal remedies and strategies.

4.    Address any questions or concerns you may have..

5.    Clarify the next steps and potential timelines.

I understand that your time is valuable, and I greatly appreciate your consideration of our request.

If you require any additional information or documentation ahead of our meeting, please do not hesitate to let me know.

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address the matters related to PDVSA-CITGO.

Kind regards,

*Jorge Alejandro Rodriguez*

*+41 79 272 00 69*

## Analysis of the Contradiction

The above email exchange shows only one of several emails (complete thread in Exhibit A) that evidence the involvement of attorneys Coronado and Diaz in the DRT conversations with Rodriguez.The very existence of these email exchanges, as reproduced above, demonstrates beyond a doubt that Jorge Schmidt was not only aware of but was also directly and intentionally included in communications concerning the "PDVSA workers" case with Plaintiff Jorge Alejandro Rodriguez M.[1] , a potential litigation financing, and other aspects. The email from Michael Diaz dated October 2, 2023, with the subject line "Re: Representation in Zürich / workers indemnization from CITGO and PDVSA," was sent directly to Plaintiff Rodriguez and explicitly copied to Jorge Schmidt and Javier Coronado.[1] This fact alone is sufficient to prove that any assertion that Jorge Schmidt had no communications with Plaintiff Rodriguez is demonstrably false. The call of attention from Michael Diaz, head of the firm, to the attorneys  (Schmidt and Coronado) to join the meeting "Are we having the call? No one is on" is clear evidence of the involvement of both Schmidt and Coronado with the issue.  Furthermore, the timing of these emails is significant. The communications continue through September and October 2023, establishing a clear timeline of Mr. Schmidt's prior and documented

17

involvement.[1] This timeline predates the purported WhatsApp conversation that Mr. Schmidt narrowly verified on July 31, 2025, which itself was dated February 24, 2025.[1] Therefore, the verification of the WhatsApp exchange is at best a partial truth - if not a perjurious statement - that fails to disclose the full scope of Mr. Schmidt's documented involvement. The concealment of this broader context, particularly when the emails were already in the possession of the defense and submitted to the Court, raises serious questions about the defense's duty of candor and constitutes a potential fraud upon the Court.

## IV. Certificate of Conferral and The Defense's Response

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiffs initiated a good-faith conferral on July 31, 2025, by sending an email to counsel for the defendants, including Javier Coronado and Carlos Sardi.[1]  The non-substantive and coordinated responses from both Javier Coronado and Carlos Sardi as detailed in the Certificate of Conferral, in which they threatened sanctions instead of addressing the core evidentiary issues, lend significant weight to Plaintiffs' allegations of misconduct.

## V. The Basis for Perjury and Argument for an Evidentiary Hearing

The evidentiary contradiction outlined in this Motion creates a material factual dispute that cannot be resolved through motion practice alone. The defense's own submission, ECF 59-14, contains a declaration under penalty of perjury from Javier Coronado. In this sworn declaration, Mr. Coronado states that he contacted Jorge Schmidt, who "advised that he has not had any such

communications" with Plaintiff Rodriguez.[1] However, the same ECF 59-14 also includes the email chain from October 2023, which explicitly shows that Jorge Schmidt was copied by Michael Diaz in communications with Plaintiff Rodriguez concerning the PDVSA workers' case.[1] This contradiction is particularly egregious because it not only demonstrates that Mr. Schmidt's statement was false but also that Mr. Coronado, who was copied on the very same emails, made a sworn declaration that relied on this false information.[1, 1] This dual falsehood—a false statement from Schmidt and a declaration by Coronado affirming it—constitutes a serious allegation of joint perjury and a fraud upon the Court.

A hearing is the only proper mechanism for the Court to resolve these issues for several critical reasons:

1. **To Assess Credibility:** The conflicting evidence creates a material factual dispute that cannot be resolved through motion practice alone. The testimony of Jorge Schmidt, Javier Coronado, Michael Diaz, and other involved parties is essential for the Court to assess their credibility and determine the truth. Mr. Schmidt's verification of the WhatsApp conversation is now at odds with the email record, and only a hearing can properly examine this conflict.

2. **To Determine the Scope of Misconduct:** A hearing is the only forum where the Court can investigate the full extent of the alleged misconduct. This includes investigating the reasons for the four-month "stonewalling" of

Plaintiffs' verification efforts, the decision to submit contradictory evidence, and the potential for a deliberate fraud on the Court.[1] It would also allow the Court to examine the nature of the alleged "undisclosed joint coordination" between DRT and Sardi Law, and whether this violated any professional duties or rules of candor.[1]

3. **To Ensure the Integrity of the Judicial Process:** The allegations of fraudulent evidence, undisclosed joint representation, and coordinated threats against *pro se* litigants strike at the heart of the Court's authority and the integrity of its proceedings. A hearing is required to restore faith in the process, to provide a fair and just resolution, and to determine whether sanctions against defense counsel are warranted for their alleged conduct, which appears designed to suppress critical evidence and intimidate the opposition.

The evidence presented in this Motion, and the need for an evidentiary hearing, is directly relevant to and provides additional basis for Plaintiffs' "Expedited Post-Judgment Motion for Sanctions" (ECF No. 172) and "Expedited Plaintiffs' Motion for Evidentiary Hearing and for Relief from Final Judgment" (ECF No. 218) as well as other motions related to the pattern of misconduct by Diaz Reus. This new evidence is not merely supplementary; it is dispositive of the core allegations of misconduct raised in those motions.

## VI. Conclusion and Request for Relief

Plaintiffs have diligently verified new evidence that reveals a fundamental

contradiction in the record. The email thread from 2022 and 2023 demonstrates that former DRT attorney Jorge Schmidt was actively involved in communications concerning the PDVSA workers' case with Plaintiff Jorge Alejandro Rodriguez M. This directly refutes any claim to the contrary and raises serious questions about the veracity and good faith of evidence submitted by DRT. In light of the gravity of the issues raised, including the potential for fraud on the Court and the coordinated misconduct of defense counsel, Plaintiffs respectfully request the following relief:

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that this Honorable Court grant the following relief:

1. **Grant Plaintiffs Leave to Conduct Limited Post-Judgment Discovery.** Pursuant to Federal Rule of Civil Procedure 69(a)(2), Plaintiffs request leave to conduct limited discovery in aid of their pending motions for sanctions. This discovery is necessary to obtain the sworn declarations and documents previously demanded from the Defendants, which they have refused to provide.[1]

2. **Impose Sanctions Under the Court's Inherent Authority.** Plaintiffs request that the Court exercise its inherent authority to impose sanctions against Defendants and their counsel for a pattern of bad-faith conduct that is calculated to bring "contempt upon the administration of justice".[3] This includes the alleged submission of perjured testimony and the vexatious multiplication of proceedings through the "stonewalling" of

Plaintiffs' good-faith attempts to correct the record.[4]

3. **Schedule a Full Evidentiary Hearing.** Plaintiffs respectfully request that the Court schedule a full evidentiary hearing to receive sworn testimony and to make factual findings regarding the alleged perjury and fraud upon the Court. A hearing is the only proper mechanism for the Court to resolve the material factual disputes and to determine whether a "fraud on the court" has been perpetrated, which requires "clear and convincing evidence".[7]

4. **Correct All Deadlines.** Plaintiffs request that the Court correct all formerly calculated deadlines for filings to reflect the three additional days mandated by Federal Rule of Civil Procedure 6(e) for papers served by mail, as Plaintiffs are proceeding pro se and are served by this method.

Plaintiffs reiterate that all rights and arguments with respect to the disqualification of counsel and remedies relating to the pending motions remain fully reserved.[1]

Dated: August, 2025

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2,

6312-steinhausen, CH



Miguel Enrique Otero, Pro Se

Eichholzstrasse 2,

6312-steinhausen, CH



**Works cited**

23

## Certificate of good-faith conferral

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiffs initiated a good-faith conferral on July 31, 2025, by sending an email to counsel for the defendants, including Javier Coronado and Carlos Sardi.

The email stated that Plaintiffs sought to file a "Motion for Leave to File Supplemental Evidence" that would support their pending post-judgment motions by introducing evidence of a "direct and irreconcilable contradiction" in the record.[1] The response from defense counsel demonstrated a clear lack of good-faith conferral. On August 4, 2025, Mr. Coronado responded by stating, "We reject your email's allegations and oppose your contemplated motion. If you choose to proceed, we will seek sanctions under 28 U.S.C. § 1927 and the Court's inherent authority based on your unreasonable and vexatious multiplication of these proceedings".[1] This response contained no attempt to resolve the issue but instead threatened sanctions against the *pro se* Plaintiffs for seeking to correct the record. This stance was immediately and explicitly supported by Carlos Sardi, who responded to the thread on August 5, 2025, with the message, "I agree with Mr. Coronado. Please govern yourselves accordingly".[1] In a subsequent email, Mr. Sardi stated that the Plaintiffs' email was "not even dignified for I to give you a formal response" and warned, "Be warned that we will seek sanctions against all of you if you do. Your vexatious litigation tactics for a case that has been already dismissed has already been noted. Proceed at your own risk".[1] Plaintiffs' subsequent email on August 6,

2025, noted Mr. Sardi's concurrence and accused Sardi Law of "undisclosed joint coordination" with DRT in a "concerted effort against Plaintiffs since at least October 2024".[1] Plaintiffs argued that this conduct, which included the refusal to provide a substantive response and the coordinated threats of sanctions, was the true cause of the "unreasonable and vexatious multiplication of these proceedings".

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of July, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

**Exhibit A:** Email exchange starting September 2023 between Plaintiff Rodriguez and DRT on workers indemnification from CITGO and PDVSA as filed by Diaz Reus and Targ in ECF-59 Attachment 14, pages 39 to 46

EXHIBIT "2"

Case 1:25-cv-20465-BB   Document 235   Entered on FLSD Docket 08/25/2025   Page 29 of 74
Case 1:24-cv-24176-CMA   Document 88   Entered on FLSD Docket 08/23/2025   Page 29 of 71

Case 1:25-cv-20465-BB   Document 59-14   Entered on FLSD Docket 03/21/2025   Page 40 of 53

| | |
|---|---|
| **From:** | Jorge Alejandro Rodriguez |
| **To:** | Maria Colomar Garcia; Javier Coronado; Michael Diaz |
| **Cc:** | Jorge Schmidt; Isabela Hernandez-Parado; juanfreites2@gmail.com |
| **Subject:** | [EXTERNAL] Confidentiality Obligations, Improper Representation, and Communication with Other Defense Counsel |
| **Date:** | Wednesday, February 19, 2025 2:10:07 PM |
| **Attachments:** | image412608.png |
| | image216622.png |
| | image716622.png |
| | image412608.png |

**Dear all,**

I am writing to address several matters of significant concern regarding the confidentiality obligations associated with our previous discussions and the current representation of Defendant Horacio Medina by your firm.

Firstly, as you are fully aware, our communications relating to the **"Workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights"** including the ongoing investigation concerning Defendant Horacio Medina were conducted under strict confidentiality, with the expectation that any information shared would be handled accordingly.

It has come to my attention that there may be, or could be, communications between Díaz Reus LLP and other law firms including **Sardi Law PLLC** and others, representing additional defendants in this matter. I must remind you that any such communications involving details, strategies, or information discussed during our confidential exchanges would be **improper and potentially prejudicial** to my interests and those of my associates and co-Plaintiffs.

Please note that as it can be observed in the case currently filed by Plaintiff Ivan Freites in the USDC for Southern Florida where you represent Defendant Medina and of which several key aspects were discussed by us with your law firm, that to our believe the actions by Medina and others constitute a deliberate illegal and tortious interference in the cases filed in the USDC for the District of Delaware by Freites and me - among others - and that said Honorable Court has been prayed to order **Sanctions against Defendant Medina for Tortious Interference** in said proceedings.

Secondly, I must also raise the issue of Díaz Reus LLP's current representation of Defendant Horacio Medina, which I consider improper under the circumstances. Given the extensive confidential discussions previously held with your firm, this representation poses significant ethical concerns, including potential conflicts of interest and the risk of misuse of privileged information.

To avoid any misunderstanding, I hereby advise that:

1. **No confidential information** shared with your firm is to be disclosed to third parties, including law firms representing other defendants, without my **prior written** consent.

2. Should there be a necessity for inter-counsel communication, it must be conducted within a framework that **respects the confidentiality obligations** established during our discussions.

3. The current representation of Defendant **Horacio Medina** by Díaz Reus LLP is considered **improper** and I urge your firm to **immediately address this conflict of interest**, which could otherwise result in appropriate legal measures.

4. Any breach of these obligations or failure to resolve the representation issue could result in **immediate legal recourse**, including but not limited to:

   - Seeking **judicial intervention** to prevent further disclosure.
   - Filing appropriate motions for the **disqualification** of Díaz Reus LLP from further involvement in this matter.

I trust that Díaz Reus LLP will adhere strictly to these obligations and take the necessary measures to prevent any action that could compromise the integrity of any of the ongoing proceedings or my legal position.

A copy of this e-mail is being sent to my associate and co-Plaintiff Mr. Ivan Freites.

Please confirm receipt of this communication and your firm's commitment to maintaining the confidentiality obligations and addressing the representation concerns as outlined.

**Sincerely,**


**Jorge Alejandro Rodriguez**


On Mon, Oct 2, 2023, 6:06 PM Marta Colomar Garcia <mcolomar@diazreus.com> wrote:
The link was sent last week. Resending


Elerit Wizzard is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://zoom.us/j/92990744032?pwd=VldISy9ZUjVYQTlER0ZSY0ZWSm0zdz09

Meeting ID: 929 9074 4032
Passcode: 622659

---

One tap mobile
+13052241968,,92990744032#,,,,*622659# US
+16465588656,,92990744032#,,,,*622659# US (New York)

---

Dial by your location
• +1 305 224 1968 US
• +1 646 558 8656 US (New York)
• +1 646 931 3860 US
• +1 301 715 8592 US (Washington DC)
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 253 215 8782 US (Tacoma)
• +1 346 248 7799 US (Houston)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 669 444 9171 US
• +1 669 900 9128 US (San Jose)
• +1 689 278 1000 US
• +1 719 359 4580 US
• +1 253 205 0468 US

Meeting ID: 929 9074 4032
Passcode: 622659

Find your local number: https://zoom.us/u/abhOrY7PFY

Marta Colomar Garcia
Administrative Managing Partner



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: 305.376.9220
mcolomar@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

    

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

**From:** Michael Diaz <MDiaz@diazreus.com>
**Sent:** Monday, October 2, 2023 12:03:17 PM
**To:** Jorge Alejandro Rodriguez M. <jorge.r@intraman.com>
**Cc:** Javier Coronado <jcoronado@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Jorge Schmidt <jschmidt@diazreus.com>; Isabela Hernandez-Peredo <HernandezPeredo@diazreus.com>; MD Meetings <MDMeetings@diazreus.com>
**Subject:** Re: Representation in Zürich / workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights

Are we having the call? No one is on.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP



100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 12:24 PM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Let's discuss it, we are all reasonable people.
Please suggest a time slot any day next week between 9.00 to noon Miami time.
Kind regards,

Jorge

On Wed, Sep 20, 2023, 5:50 PM Michael Diaz <MDiaz@diazreus.com> wrote:
Hello Jorge, I'm happy to discuss with you sometime next week, but please understand we cannot and will not consider this case on a contingency fee / "contra resultados" basis given it's complexities and the amount of resources we need to dedicate to the case.

Michael Diaz
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa



NOTICE: This information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Sep 20, 2023, at 11:28 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hi Michael,

I hope this email finds you well.

I am writing to request an initial consultation with you regarding a case related to Petroleos de Venezuela S.A. (PDVSA) refering to litigation in Federal Court in the US of a case related to workers indemnization from CITGO and PDVSA - International law commercial, workers rights, civil rights and human rights.

The case relates to the collection of unpaid workers compensation for several thousands of workers in an amount estimated in several billion USD.

As you previously represented me and I am aware of some of your previous litigations in matters related to foreign firms as well as of your familiarity with Venezuelan substantive law and US Law in general, I therefore believe that your expertise in this area aligns with the specific needs of our case.

I am interested in discussing the details further and exploring potential legal strategies. . I understand that this consultation will be subject to client-attorney privilege, non-binding with respect to engagement of parties, and without any associated fees or costs unless specifically agreed upon in writing.

Would it be possible to arrange a consultation at your earliest convenience?

I am available from 10:00 am to 20:00 Central European (Zürich) time and can accommodate your preferred mode of consultation, whether it be in person, over the phone, or via video conference.

During our consultation, I hope to:

1. Provide a more comprehensive overview of the case.
2. Understand your approach to similar cases or issues.

3. Discuss potential legal remedies and strategies.
4. Address any questions or concerns you may have.
5. Clarify the next steps and potential timelines.

I understand that your time is valuable, and I greatly appreciate your consideration of our request. If you require any additional information or documentation ahead of our meeting, please do not hesitate to let me know.

Thank you for considering my request for consultation. I look forward to the opportunity to speak with you and potentially work together to address the matters related to PDVSA-CITGO.

Kind regards,

Jorge Alejandro Rodriguez

+41 79 272 00 69

On Wed, Oct 26, 2022, 23:11 Michael Diaz <MDiaz@diazreus.com> wrote:

Send more info on the case and what you need

**Michael Diaz**
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect), so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

On Oct 26, 2022, at 4:27 AM, Jorge Alejandro Rodriguez M. <jorge.r@intramaq.com> wrote:

Hello Michael,

Hope it is all well with you, I see many success stories in the press.

I am looking for a Zürich based law firm in order to litigate/negotiate for a breach of contract against a Swiss/German firm.

As it is related to the case you advised me on through 2013-2015 (Continental vs. DMG), I thought you might have a representative firm here in Zürich.

Looking forward to hearing from you,

Jorge Alejandro Rodriguez

On Wed, Oct 7, 2020, 3:22 PM Michael Diaz <MDiaz@diazreus.com> wrote:


**Michael Diaz**
Managing Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

MDiaz@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of this named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

Begin forwarded message:

> **From:** "Marie C. Battier" <mbattier@diazreus.com>
> **Date:** October 7, 2020 at 9:01:23 AM EDT
> **To:** DRT ALL <DRTAll@diazreus.com>
> **Subject: Results: Legal500 Latin America 2021**


Excellent news today with the new Legal500 Latin America ranking:

**- COMPLIANCE & INVESTIGATIONS** (new practice are this year for Legal500 Latam): **DRT is ranked in tier 3**, together with Jones Day, Quinn Emanuel Urquhart & Sullivan, LLP, Ropes & Gray LLP, Vinson & Elkins LLP and White & Case LLP. **Michael Diaz Jr. is in the Leading Individuals list. Bob, Juan and Marta are recommended**

Comments:
The Miami-headquartered Diaz Reus International Law Firm & Alliance is highly rated for white-collar crime, financial fraud and FCPA investigations, and is particularly noted for its experience in money-laundering and OFAC violation investigations. The firm frequently acts for foreign governments, state-owned enterprises and public officials. It also routinely helps clients avoid criminal indictments and has a history of negotiating with US law enforcement agencies; this includes pre-indictment resolution strategies in criminal investigations by the US Attorney's Office in Miami, New York and Houston, and the US Department of Justice and its law enforcement agencies. Global managing partner Michael Diaz is a prominent name in the sector, as is Robert Targ. Of counsel Juan Vargas and administrative managing partner Marta Colomar-Garcia are also notable names. All are based in Miami.

**Client Testimonials**

'They are extremely professional, they have the complete understanding about the legal procedures and the best routes to be followed to achieve the appropriate solution to the demands.'

'Their performance is excellent. Their strength is in their attorneys' knowledge, professionalism and the administrative staff.'

'Michael Diaz, Robert Targ and Juan Varga are highly trained and experienced lawyers, with an exceptional analytical ability. They go directly to the important points, have great bargaining power, and thorough knowledge of the laws and the paths to be followed to find the solution to the problem.'

'Michael Diaz, like the rest of his team, is extremely fair, human, identifies with the client's situation, and works hard without limits to achieve convincing results in the cases.'

-INTERNATIONAL ARBITRATION: DRT is newly ranked (tier 5)

-CITY FOCUS: MIAMI FIRMS: DRT is on the list again this year: Michael, Bob, Gary and Marta are recommended
Comments:
Diaz Reus International Law Firm & Alliance has a phenomenal presence in white-collar crime and FCPA investigations. It has a rich track record in financial fraud, international asset recovery, anti-money laundering, and OFAC compliance. In addition, the firm is achieving further growth in immigration and Latin America corporate transactions, especially those involving large family-owned businesses. Key markets include Mexico, Colombia, Brazil, Venezuela, Guatemala and Honduras. It is well known for representing foreign governments, state-owned enterprises, public officials, financial institutions, multinationals and high net worth individuals. It has a fine record in handling and avoiding criminal indictments and negotiating with US law enforcement agencies; this includes in relation to Latin American jurisdictions that are perceived to be national security threats to the US. Moreover, the firm is making a significant impression in international arbitration involving Latin American entities. Global managing partner Michael Diaz has an outstanding reputation in FCPA and OFAC cases, financial fraud investigations, asset-tracing and general white-collar crime matters. Founding partner Robert Targ is also highly reputed for white-collar crime and investigations, while Gary Davidson is the key partner for international arbitrations. Marta Colomar-Garcia is also has a growing practice in Latin America litigation and arbitration.

See here for Miami firms in Latam: https://www.legal500.com/c/latin-america-international-firms/city-focus-miami/

See all the results here (you'll see the USA ranking first): https://www.legal500.com/firms/52895-diaz-reus-international-law-firm-alliance/56366-miami-usa/#section-1194199

**COLOMBIA**
**The DRT office is ranked for the first time in CORPORATE. M&A (Tier 4).**
See here: https://www.legal500.com/c/colombia/corporate-and-ma/

**CONGRATS!!!**

Marie C. Battler
Marketing Director



Díaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131

Office: +1 786 319 1970
mbattler@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

Case 1:25-cv-20465-BB Document 285 Entered on FLSD Docket 08/28/2025 Page 35 of 44
Case 1:24-cv-24710-CMA Document 55 Entered on FLSD Docket 09/09/2025 Page 35 of 44

Case 1:25-cv-20465-BB Document 59-14 Entered on FLSD Docket 03/21/2025 Page 46 of 53



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS MEMBER FIRMS OR AFFILIATES.

**Exhibit B:** Email exchange on conferral for this motion.

 Gmail    O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>

---

## Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...

**Carlos Sardi** <carlos@sardilaw.com>                                        Wed, Aug 6, 2025 at 5:53 PM
To: "O.B.O Plaintiffs Freites Otero Rodriguez" <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
Cc: Javier Coronado <jcoronado@diazreus.com>, Gabor Gazso von Klingspor <ggazso@diazreus.com>, Marta Colomar Garcia <mcolomar@diazreus.com>, Michael Diaz <MDiaz@diazreus.com>, Aylin Hovispo <ahovispo@diazreus.com>

Be warned that we will seek sanctions against all of you if you do. Your vexatious litigation tactics for a case that has been already dismissed has already been noted. Proceed at your own risk.

Thanks,

--Carlos

Carlos E. Sardi, Esq.
SARDI LAW PLLC

**Miami Office:**

11410 N. Kendall Dr., Suite 208

Miami, FL 33176
Tel: 305-697-8690
Fax: 305-697-8691
Email: carlos@sardilaw.com
Web: www.sardilaw.com

**Ft. Myers Office:**

Courtney Building

2069 First St., Suite 204

Ft. Myers, FL 33901

Tel: (239) 291-9125



This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**From:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
**Sent:** Wednesday, August 6, 2025 11:49 AM
**To:** Carlos Sardi <carlos@sardilaw.com>
**Cc:** Javier Coronado <jcoronado@diazreus.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...

Mr. Sardi,

We are in receipt of your email refusing to provide a substantive response.

To be clear, the issue is not one of etiquette. It is the matter of your and DRT's undisclosed joint representation against Plaintiffs and the submission of fraudulent evidence to a federal court. A formal response was, and is, required.

Your continued evasion has been noted. We will govern ourselves accordingly and will be filing the appropriate motion to bring this conduct to the Court's attention.

All of our rights and arguments with respect to your firm's and DRT's disqualification remain fully reserved.

Respectfully,


Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.


Acting pro se


On Wed, Aug 6, 2025 at 5:08 PM Carlos Sardi <carlos@sardilaw.com> wrote:

Your email is not even dignified for I to give you a formal response.


Thank you,

--Carlos

Carlos E. Sardi, Esq.
SARDI LAW PLLC

**Miami Office:**

11410 N. Kendall Dr., Suite 208

Miami, FL 33176
Tel: 305-697-8690
Fax: 305-697-8691
Email: carlos@sardilaw.com
Web: www.sardilaw.com

**Ft. Myers Office:**

Courtney Building

2069 First St., Suite 204

Ft. Myers, FL 33901

Tel: (239) 291-9125



SARDI LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender. Thank you.

**From:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
**Sent:** Wednesday, August 6, 2025 10:57 AM
**To:** Carlos Sardi <carlos@sardilaw.com>
**Cc:** Javier Coronado <jcoronado@diazreus.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>
**Subject:** Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...

VIA EMAIL

TO:

Carlos E. Sardi, Esq.

Sardi Law, PLLC

CC:

Javier Coronado, Esq.

And Counsel for Defendants

FROM:

Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodríguez, Pro Se

**DATE:** August 5, 2025
RE: Freites, et al. v. Medina, et al., Case No. 1:25-cv-20465-BB

Response to Your Email of August 4, 2025

Mr. Sardi,

Your concurrence with Mr. Coronado is noted, though entirely unsurprising. Given that your firm has been acting in undisclosed joint coordination with Diaz, Reus & Targ LLP ("DRT") in a concerted effort against Plaintiffs since at least October 2024, your endorsement is not an independent legal opinion but a continuation of that same strategy.

By aligning yourself with DRT's threats, you make yourself a party to an attempt to intimidate pro se litigants from presenting dispositive evidence of a fraud on the Court. Let us be unequivocally clear: the "unreasonable and vexatious multiplication of these proceedings" is a direct result of the collective misconduct of defense counsel. The necessity of our motion arises from DRT's decision to submit contradictory evidence to this Court and your joint decision to conceal your coordinated efforts in violation of your duties of candor.

The only vexatious conduct here is the strategy of concealing conflicts and misrepresenting facts to the Court, and then threatening sanctions against the victims of that conduct when they seek to correct the record. Your joint attempt to suppress this evidence will not succeed.

We will not be deterred by these coordinated threats. We will be filing our Motion for Leave to Supplement, and we will ensure the Court is made aware of this pattern of behavior, including your firm's role in it and this subsequent effort to intimidate us from exposing it.

We suggest you and Mr. Coronado govern yourselves according to the ethical duties you owe to this Court and to the profession.

All of our rights and arguments with respect to your firm's and DRT's disqualification remain fully reserved.

Respectfully,

Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.

Acting pro se

Finally, nothing in this communication shall be construed or interpreted as acceptance or waiver regarding the current representations by counsel Díaz Reus or Sardi Law, particularly in relation to the pending motions for disqualification, which remain fully reserved for the Court's determination. Plaintiffs expressly preserve all rights, arguments, and remedies relating thereto.

**Respectfully,**

Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.


Acting pro se


On Tue, Aug 5, 2025 at 2:18 AM Carlos Sardi <carlos@sardilaw.com> wrote:

> I agree with Mr. Coronado.
>
>
> Please govern yourselves accordingly.
>
>
> Carlos E. Sardi, Esq.
>
> Sardi Law, PLLC
>
>
> Get Outlook for iOS

---

**From:** Javier Coronado <jcoronado@diazreus.com>
**Sent:** Monday, August 4, 2025 8:17:10 PM
**To:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>; Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo <ahovispo@diazreus.com>; Carlos Sardi <carlos@sardilaw.com>
**Subject:** Re: [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for ...


Good afternoon,


We reject your email's allegations and oppose your contemplated motion. If you choose to proceed, we will seek sanctions under 28 U.S.C. § 1927 and the Court's inherent authority based on your unreasonable and vexatious multiplication of these proceedings.


Your contemplated filing serves only to increase Mr. Medina's legal costs, burden the Court's resources, and demonstrate your disregard for the Court's rules and procedures.


Respectfully,

**Javier Coronado**

Partner

*AML & Sanctions Certified by ACAMS*



**Miami, Florida, USA**
100 SE 2nd Street
Suite 3400 | Miami Tower
Office: 305.375.9220

jcoronado@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa



NOTICE: The information contained in this electronic mail transmission is intended by this law firm for
the use of the named individual or entity to which it is directed and may contain information that is
privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other
than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you
have received this electronic mail transmission in error, please delete it from your system without
copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above
telephone number (collect) so that our address record can be corrected. Thank you for your
cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT
SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE
TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR
EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS'
MEMBER FIRMS OR AFFILIATES.

---

**From:** O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com>
**Sent:** Thursday, July 31, 2025 5:00 PM
**To:** Javier Coronado <jcoronado@diazreus.com>; Gabor Gazso von Klingspor <ggazso@diazreus.com>;
Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Aylin Hovispo
<ahovispo@diazreus.com>; Carlos Sardi <carlos@sardilaw.com>
**Subject:** [EXTERNAL] Re: Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) - Plaintiffs write to confer in good

faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for Sanc...

Please note the referred motion is more properly described as "Motion for Leave to File Supplemental Evidence and supplement motion" than "Motion for Leave to File Supplemental Evidence"

Finally, nothing in this communication shall be construed or interpreted as acceptance or waiver regarding the current representations by counsel Díaz Reus or Sardi Law, particularly in relation to the pending motions for disqualification, which remain fully reserved for the Court's determination. Plaintiffs expressly preserve all rights, arguments, and remedies relating thereto.

**Respectfully,**

Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.

Acting pro se

On Thu, Jul 31, 2025 at 10:57 PM O.B.O Plaintiffs Freites Otero Rodriguez <freites.usdcsf.1.25.cv.20465.bb@gmail.com> wrote:

**VIA EMAIL**

TO:

Javier Coronado, Esq.

Michael Diaz, Jr., Esq.

Marta Colomar Garcia, Esq.

Gabor Gazso von Klingspor, Esq.

Diaz, Reus & Targ, LLP

Carlos Sardi, Esq.

Sardi Law, PLLC

Counsel for Defendants

FROM:

Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodríguez, Pro Se

**DATE:** July 31st, 2025
RE: Freites, et al. v. Medina, et al., Case No. 1:25-cv-20465-BB

Request to Confer Pursuant to S.D. Fla. L.R. 7.1(a)(3) Regarding Plaintiffs' Intended Motion for Leave to File Supplemental Evidence

Dear Counsel:

Pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, Plaintiffs write to confer in good faith regarding a forthcoming "Motion for Leave to File Supplemental Evidence" in support of our pending "Expedited Post-Judgment Motion for Sanctions" (ECF No. 172) and "Expedited Plaintiffs' Motion for Evidentiary Hearing and for Relief from Final Judgment" (ECF No. 218).

The evidence we seek to file, which was only recently verified on July 31, 2025, is directly material to the allegations of attorney misconduct, bad faith, and fraud on the Court raised in our pending post-judgment motions. This evidence concerns a direct and irreconcilable contradiction contained within evidence your firm, Diaz, Reus & Targ, LLP ("DRT"), submitted to this Court at ECF No. 59-14.

Specifically, the denial by your former attorney, Jorge Schmidt, that he had any communication with Plaintiff Rodriguez is proven false by an email chain, also included by DRT in ECF No. 59-14, on which Mr. Schmidt was a direct recipient. When Plaintiffs, at Mr. Coronado's express invitation, sought to verify Mr. Schmidt's statement due to a materially impossible timeline contained within the evidence, our efforts were stonewalled for four months, preventing this matter from being brought to the Court's attention prior to the entry of judgment. To this date Mr. Coronado has not provided the phone number - in his possession indeed - where Plaintiffs could clarify the issue of the materially impossible timeline.

In any case, the not sufficiently explained issue of the materially impossible timeline became "a small thing" when confronted with the contradictions within the emails and the "Whatsapp notes" filed by Diaz Reus when said notes are taken as issued by Jorge Schmidt on 2025 as presented by Diaz Reus.

Accordingly, Plaintiffs intend to file a motion seeking leave to supplement the record of ECF Nos. 172 and 218 with the recently confirmed evidence of Mr. Schmidt's false denial and DRT's subsequent obstruction of our verification efforts.

Please advise whether your clients will agree to the relief sought and stipulate to allowing Plaintiffs to supplement the record with this evidence, thereby obviating the need for motion practice on this issue.

We appreciate your kind response at your earliest convenience, in any case by closing business day (5 pm) Monday August 4th, 2025.

Finally, nothing in this communication shall be construed or interpreted as acceptance or waiver regarding the current representations by counsel Díaz Reus or Sardi Law, particularly in relation to the pending motions for disqualification, which remain fully reserved for the Court's determination. Plaintiffs expressly preserve all rights, arguments, and remedies relating thereto.

**Respectfully,**

Ivan R. Freites C.

Miguel Enrique Otero C.

Jorge Alejandro Rodriguez M.

Acting pro se

EXHIBIT B:

- **Motion for Sanctions Against Diaz, Reus and Targ (DRT) for Perjury and Fraud upon the Court** (ECF No. 235).

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20465-BLOOM/Elfenbein

IVAN R. FREITES C., et al.,

Plaintiffs,

v.

HORACIO MEDINA, et al.,

Defendants.

FILED BY _____ D.C.

AUG 28 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

**PLAINTIFFS' ADDITIONAL POST-JUDGMENT MOTION FOR SANCTIONS MOTION FOR SANCTIONS AND DISQUALIFICATION AGAINST CARLOS SARDI, SARDI LAW PLLC, GABOR GAZSÓ VON KLINGSPOR, AND DIAZ REUS & TARG LLP**

*in limine*

Plaintiffs, Ivan R. Freites C., Miguel Enrique Otero, and Jorge Alejandro Rodriguez M., proceeding *pro se*, respectfully move this Honorable Court for an Order imposing sanctions and disqualifying Carlos Sardi, Sardi Law PLLC, Gabor Gazsó von Klingspor, and Diaz Reus & Targ LLP (DRT) from further participation in this case. This motion, along with the Plaintiffs' post-judgment docket, has increased exponentially due to opposing counsel's consistent pattern

1

of non-cooperation. This pattern includes presenting false affidavits to the Court, refusing to answer formal demands for information, and opposing the resolution of clear-cut issues of material evidence. The actions of counsel, particularly the deliberate misrepresentations and contradictory statements made by Carlos Sardi, constitute a profound breach of professional duty that has needlessly multiplied these proceedings and compromised the integrity of the record. The disqualification of both Sardi Law and DRT is therefore imperative to ensure the fair and impartial administration of justice.

This Motion is concurrently filed with the following motions:

1- **PLAINTIFFS' ADDITIONAL POST-JUDGMENT MOTION FOR SANCTIONS AGAINST DIAZ, REUS AND TARG (DRT) FOR PERJURY AND FRAUD UPON THE COURT AS SHOWN IN THE CONTRADICTORY EMAIL AND WHATSAPP EXCHANGE BETWEEN ATTORNEY JAVIER CORONADO AND FORMER DRT ATTORNEY JORGE SCHMIDT; AND IN SUPPORT OF PLAINTIFFS' PENDING EXPEDITED POST-JUDGMENT MOTION FOR SANCTIONS, GRIEVANCE COMMITTEE REFERRAL, SANCTIONS, FORMAL RULING ON DISQUALIFICATION AND REQUEST FOR EVIDENTIARY HEARING (ECF 172); NECESSITY FOR EVIDENTIARY HEARING AND LEAVE FOR LIMITED DISCOVERY.**

And,

2- **PLAINTIFFS' MOTION FOR CONSOLIDATION OF**

2

**POST-JUDGEMENT MOTIONS.**

In addition, Pursuant to Federal Rule of Civil Procedure 6(e), Plaintiffs respectfully remind the Court that as pro se litigants who are served by conventional mail, the calculation of any prescribed response periods must include an additional three days. Federal Rule 6(e) explicitly mandates that whenever a party is served a notice or other paper by mail, an additional three days "shall be added to the prescribed period". Accordingly, Plaintiffs' deadlines to respond to any filings must be computed to include this three-day extension.

WHEREFORE, Plaintiffs respectfully pray that the Court correct all formerly calculated deadlines for filings in this matter to reflect the three (3) additional days mandated by Federal Rule of Civil Procedure 6(e) for papers served by mail, as Plaintiffs are proceeding pro se and are served by this method. Plaintiffs seek this correction to ensure that all future filings are timely and in full compliance with the Federal Rules of Civil Procedure.

3

## I. RELEVANT BACKGROUND: UNDISCLOSED COORDINATION AND LACK OF CANDOR

A central element of the misconduct alleged in this motion and in Plaintiffs' pending post-judgment motions is a series of undisclosed, coordinated actions by Sardi Law PLLC and Diaz Reus & Targ LLP. This coordinated effort began in a previous, related case, *Freites v. Viera-Blanco*, before Judge Cecilia M. Altonaga in the USDC Southern Florida, which involved the wrongdoings of a number of Defendants common to this case in issues related to this case. Among Defendants common to this case were Defendant Jose Vicente Carrasquero, Defendant Orlando Viera-Blanco, Defendant Thaelman Urgelles, Defendant Alexis Ortiz and others.[1] In that case, Defendants presented themselves to the Court as *pro se* defendants, while attorneys from DRT and Sardi Law were allegedly working together as counsel for the Defendants as evidenced by piecing together a number of separate disclosures performed during the instant case[1] This scheme of undisclosed representation, where a lawyer drafts pleadings or other documents for a pro se litigant without disclosing the lawyer's involvement, is widely considered a sanctionable offense.[2]

The concealment of DRT's involvement in the Altonaga case was material and prevented Plaintiff Rodríguez, a former client of DRT, from addressing it. This concealment was further complicated by an alleged arrangement that DRT was "impeded from counseling in the Altonaga case without specific written authorization from Plaintiff Rodriguez".[1] Despite this, attorneys from both DRT

4

and Sardi Law are alleged to have jointly attended an evidentiary hearing on January 31, 2025.[1] This joint attendance, which occurred *before* the current litigation, directly contradicts a sworn statement made by Carlos Sardi in a later email to the Plaintiffs, where he stated, "I have not even met in person nor have I previously known Mr. Javier Coronado or Mr. Gabor Gazso von Klingspor prior to my involvement in this case".[1] By jointly working with DRT in the Altonaga case, Sardi Law PLLC participated in a pattern of unacceptable conduct, an unacceptable conduct that escalated in the proceedings before this Court. The concealment of the described joint effort would be by itself a basis for sanctions. It demonstrates a sustained and concerted effort to deceive the Court and opposing parties, and it creates a new, unresolvable conflict that requires Sardi Law PLLC to be disqualified from the instant case alongside DRT.

## II. STATEMENT OF FACTS

Plaintiffs' pending "Post-Judgment Motion for Sanctions" (ECF 172) asserts that Defendants' firm has engaged in a "pattern of concealment and bad-faith conduct".[1] The following facts, including the newly uncovered evidence, demonstrate this pattern:

- **Undisclosed Representation in the Altonaga Case:** In the case *Freites v. Viera-Blanco* case before Judge Altonaga, Defendants were represented by coordinated counsel from Sardi Law PLLC and DRT, even as they falsely presented themselves as *pro se* to the Court.[1] The concealment of this joint

representation prevented Plaintiff Rodríguez, a former client of DRT, from addressing their involvement at the time, which would have been a material issue. This undisclosed relationship allowed for the exchange of information, strategies and tactics from a firm that could not act as counsel (Diaz Reus and Targ) due to its conflicts of interest with Plaintiff Rodriguez (see ECF 172)  with the "untainted" firm of Sardi Law PLLC. From this point onwards, by its association, *de facto* or *de jure*, with DRT, Sardi Law PLLC became tainted with the disqualification that is to be ordered to DRT.

- **Undisclosed Judicial Internship:** Gabor Gazsó von Klingspor, an attorney from DRT, served as an "In-Chambers Intern" for the presiding judge in this matter, the Honorable Beth Bloom, from January 2023 to April 2023.[4] This material relationship was not disclosed by Mr. Gazsó or his firm at the outset of the litigation and is a clear action of lack of candor to the Court.[1]

- **Substantive Nature of the Internship:** Public evidence from the Florida Bar submitted to this Court  revealed that the Internship is an "immersive program" where participants work on "active motions" and received "direct instruction" from the judge.[1]  In good faith and abundance of caution, Plaintiffs sent a formal demand letter on August 6, 2025, to DRT.  The demand letter explicitly stated that the failure to disclose this relationship was a "profound breach" of DRT's duty of candor[1] and demanded specific information about the specific extent and content of the internship of

6

attorney Gazso. The Defendants' firm has not provided a response to this letter, and it remains unanswered.[1]

- **Undisclosed Familial Conflict:** Plaintiffs have raised a material conflict of interest regarding Gabor Gazsó von Klingspor's alleged familial relationship with attorney Andrés Gazsó Hazsos.[1] Plaintiffs allege that Andrés Gazsó Hazsos had a "confidential" and "extensive" relationship with Plaintiff Jorge Rodríguez on a "substantially related" matter.[1] This relationship was not disclosed, and Plaintiffs allege that lawyers Carlos Sardi from Sardi Law and Javier Coronado from DRT "persistently and obstructively intervened" to prevent Gabor Gazsó from providing a straightforward response on the matter.[1]

- **Misrepresentations and Evasiveness:** In a conferral email dated April 22, 2025, Carlos Sardi stated that he had not met Gabor Gazsó or Javier Coronado "prior to my involvement in this case".[1] This statement is contradicted by the alleged joint attendance of attorneys from both firms at the Altonaga hearing on January 31, 2025, which occurred before the present case was filed.[1] During the same conferral, Mr. Sardi also refused to provide his full professional identification and abruptly terminated the meeting.[1]


## III. MEMORANDUM OF LAW

7

## A. The Misconduct of Carlos Sardi and Sardi Law PLLC

The actions of Carlos Sardi and his firm are at the forefront of the misconduct in this matter. As an attorney and officer of the court, Mr. Sardi has a paramount duty of candor, which he has repeatedly breached. His email statement that he first met his co-counsel "prior to my involvement in this case" [1] is a clear misrepresentation, given the alleged joint attendance at a hearing months prior.[1] This kind of misrepresentation is a direct violation of Federal Rule of Civil Procedure 11(b)(1), which prohibits the filing of papers for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation".[5] As the Eleventh Circuit has noted, attorneys violate the duty of candor when they engage in "extensive and undisclosed participation... that permits the litigant to falsely appear as lacking professional assistance".[2] By jointly working with DRT in the Altonaga case, where defendants presented themselves as *pro se*, Sardi Law PLLC participated in a pattern of deception that undermines the integrity of the judicial process. This participation created a new and unresolvable conflict of interest, requiring Sardi Law's disqualification from the instant case.

## B. Lack of Candor, Misrepresentation, and Vexatious Conduct

The defendants' counsel, and in particular Carlos Sardi and DRT, have repeatedly violated their duty of candor to the tribunal and to the opposing parties.[8] This duty extends to affirmatively disclosing any information that is

8

material to the proceedings.

- **Undisclosed Judicial Internship:** The concealment of Gabor Gazsó's "immersive" judicial internship with the presiding judge, particularly his work on "active motions" and "direct instruction" on "persuasive" advocacy [1], is a profound breach of the duty of candor.[1] This relationship is a material fact that should have been disclosed to avoid the appearance of impropriety and potential judicial recusal under 28 U.S.C. § 455.[1]

- **Failure to Respond to Demand Letter:** DRT's failure to respond to the Plaintiffs' formal demand letter of August 6, 2025, concerning Gabor Gazsó's judicial internship, constitutes a willful refusal to cooperate and necessitates the Court's intervention to compel discovery and warrants negative inference on the subject.[1]

- **Perjured Affidavits:** Plaintiffs' previously filed motions for sanctions on perjury regarding sworn affidavits of DRT's Javier Coronado and Andrés Gazsó (Gabor Gazso's father), a direct attack on the veracity of the record created by defense counsel, further highlights the pervasive pattern of deception.

## C. Undisclosed Conflicts of Interest and Disqualification

The continued representation by Sardi Law PLLC and DRT is untenable due to a material, undisclosed conflict of interest and their joint involvement in a broader pattern of misconduct.

9

- **Unwaivable Familial Conflict:** Plaintiffs have alleged that Gabor Gazsó is the son of attorney Andrés Gazsó Hazsos, who had a prior "extensive and confidential" relationship with Plaintiff Jorge Rodríguez on a "substantially related" matter.[1] As a matter of professional conduct, a familial relationship between attorneys representing opposing parties "may be a significant risk that client confidences will be revealed and that the lawyer's family relationship will interfere with both loyalty and independent judgment".[11] The recently presented evidence on perjury by Andres Gazso to this Court aggravates the situation. This constitutes an unresolvable conflict that requires disqualification.[14]

- **Joint Misconduct:** The coordinated efforts of Sardi Law PLLC and DRT in the Altonaga case demonstrate a pattern of bad-faith conduct that extends to the present litigation.[1] The Court possesses the inherent authority to sanction such behavior, which "improperly influence[s] the trier of fact"[15] and is "calculated to bring contempt upon the administration of justice".[16] The joint attendance at the Altonaga hearing, coupled with Mr. Sardi's contradictory statements, reveals a concerted effort to conceal a pre-existing professional relationship between the two firms, a tactic that undermines the integrity of the judicial process.

## D. Grounds for Sanctions and Disqualification

Given the scope of the alleged misconduct, the Court must take action to

10

preserve the integrity of the proceedings.

- **Disqualification:** The pattern of misrepresentations and unresolvable conflicts warrants the immediate disqualification of both Sardi Law PLLC and Diaz Reus & Targ LLP. Their continued involvement would irreparably prejudice the Plaintiffs and erode public confidence in the impartiality of the judiciary.[17]

- **Monetary Sanctions:** The Court should impose monetary sanctions on Carlos Sardi, Gabor Gazsó, Sardi Law PLLC, and DRT for their bad-faith conduct. This is authorized by Federal Rule of Civil Procedure 11, which penalizes filings made for an improper purpose [5], and Rule 37, which sanctions parties for evasive responses and a failure to cooperate in discovery.[20] The Court's inherent authority also allows it to order payment of fees for litigation tactics that are "vexatious, wantonly, or for oppressive reasons".[21]

- **Leave for Discovery and Evidentiary Hearing:** The Defendants' refusal to respond to the August 6, 2025, demand letter necessitates a court order compelling discovery under Federal Rule of Civil Procedure 69(a)(2).[25] Plaintiffs also request a full evidentiary hearing to allow the Court to assess the credibility of the attorneys involved and to fully investigate the extent of the misconduct.[27]

## IV. CONCLUSION AND REQUEST FOR RELIEF

The actions of Carlos Sardi, Sardi Law PLLC, Gabor Gazsó von Klingspor, and

Diaz Reus & Targ LLP, demonstrate a systemic failure to uphold their duties to the Court and opposing parties. The undisclosed relationships, misrepresentations, and coordinated misconduct constitute a direct threat to the integrity of these proceedings.

**WHEREFORE**, Plaintiffs respectfully pray that the Court:

1. **Disqualify** Carlos Sardi, Sardi Law PLLC, Gabor Gazsó von Klingspor, and Diaz Reus & Targ LLP from any further representation in this matter;

2. **Impose sanctions**, monetary and non-monetary, against Carlos Sardi, Sardi Law PLLC, Gabor Gazsó von Klingspor, and Diaz Reus & Targ LLP, holding them jointly and severally liable for Plaintiffs' costs and expenses, including any fees associated with this motion and the investigation into their misconduct;

3. **Grant Plaintiffs leave** to conduct limited post-judgment discovery to compel the production of information and sworn statements that Defendants have refused to provide;

4. **Schedule** a full evidentiary hearing to investigate the allegations of lack of candor, conflicts of interest, and coordinated misconduct; and

5.  **Correct All Deadlines.** Plaintiffs request as prayed *in limine* that the Court correct all formerly calculated deadlines for filings to reflect the three additional days mandated by Federal Rule of Civil Procedure 6(e) for papers served by mail, as Plaintiffs are proceeding pro se and are served by this method.

12

6.  Grant any other relief the Court deems just and proper.

Plaintiffs reiterate that all rights and arguments with respect to the disqualification of counsel and remedies relating to the pending motions remain fully reserved.[1]

Dated: August, 2025

Respectfully submitted,

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

Jorge Alejandro Rodríguez, Pro Se

Eichholzstrasse 2,

6312-steinhausen, CH

Miguel Enrique Otero, Pro Se

Eichholzstrasse 2,

6312-steinhausen, CH

**Works cited**

1. Gmail - Formal Demand for Information Regarding Undisclosed Judicial Internship of Gábor Gazsó von Klingspor.pdf

2. The Courts' Views on Ghostwriting Ethics - Judicature - Duke University, https://judicature.duke.edu/articles/the-courts-views-on-ghostwriting-ethics/

3. Inside Track: Legal ghostwriting: What lawyers should know about drafting documents without disclosure: - State Bar of Wisconsin, https://www.wisbar.org/NewsPublications/RotundaReport/Pages/Article.aspx?ArticleID=7851

4. DI 178 Plaintiffs Notice Gabor Gazso Internship.pdf

5. Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions | Federal Rules of Civil Procedure | US Law - Legal Information Institute, https://www.law.cornell.edu/rules/frcp/rule_11

6. Rule 11-Signings of Pleadings, Motions, and Other Papers; Representations to Court, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_legal/frcpweb/FRC00012.HTM

7. 11th Circuit Finds Law Firm Did Not Ghostwrite Or Commit Fraud On Court By Assisting Debtor With Pro Se Petition | Georgia Bankruptcy Blog, https://www.georgiabankruptcyblog.com/eleventh-circuit-cases/11th-circuit

-finds-law-firm-did-not-ghostwrite-or-commit-fraud-by-assisting-debtor-wi
th-pro-se-petition

8. Professionalism   Expectations   -   The   Florida   Bar,
https://www.floridabar.org/prof/regulating-professionalism/professionalism
-expectations-2/

9. Rule 3.3: Candor Toward the Tribunal - American Bar Association,
https://www.americanbar.org/groups/professional_responsibility/publicatio
ns/model_rules_of_professional_conduct/rule_3_3_candor_toward_the_trib
unal/

10. Subject   Matter   Index:   Disciplinary   Obligations   -   ACJE   |
NYCOURTS.GOV,  https://ww2.nycourts.gov/ip/acje/SMI-reporting.shtml

11. Rule 1.7 Conflict of Interest: Current Clients - North Carolina State Bar,
https://www.ncbar.gov/for-lawyers/ethics/rules-of-professional-conduct/rule
-17-conflict-of-interest-current-clients/

12. Rule 1.7 Conflict of Interest: Current Clients - Comment - American Bar
Association,
https://www.americanbar.org/groups/professional_responsibility/publicatio
ns/model_rules_of_professional_conduct/rule_1_7_conflict_of_interest_curr
ent_clients/comment_on_rule_1_7/

13. Current   Clients,   FL   8T   BAR   Rule   4-1.7,
http://apps2.coj.net/City_Council_Public_Notices_Repository/20130624%20
Rule%204.1.7%20Conflict%20of%20IntCurrClients.pdf

14. Rule 1.7: Conflict of Interest: Current Clients - American Bar Association, https://www.americanbar.org/groups/professional_responsibility/publicatio ns/model_rules_of_professional_conduct/rule_1_7_conflict_of_interest_curr ent_clients/

15. IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA NIKKI ANN CHILDRESS, Appellant, CASE NO., https://ninthcircuit.org/sites/default/files/2007-CV-52.pdf

16. Inherent Authority - UNC School of Government - The University of North Carolina at Chapel Hill, https://www.sog.unc.edu/sites/default/files/reports/2015-11-04%202015100 0%20AOJB%202015-02%20Inherent%20Authority_Crowell.pdf

17. Disqualification of Counsel for the Appearance of Professional Impropriety - Catholic Law Scholarship Repository, https://scholarship.law.edu/cgi/viewcontent.cgi?article=2506&context=lawr eview

18. Motion in Limine for Federal Rule of Civil Procedure 11 Memorandum VAWA Confidentiality and Federal Civil Procedure Rule 11 Violations - NIWAP Library, https://niwaplibrary.wcl.american.edu/wp-content/uploads/2015/pdf/CONF -VAWA-samp-MotionLimine-2009.pdf

19. Rule 11 and Factually Frivolous Claims-- The Goal of Cost Minimization

and the Client's Duty to Investigate - Scholarship@Vanderbilt Law, https://scholarship.law.vanderbilt.edu/cgi/viewcontent.cgi?article=4760&context=vlr

20. Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions | Federal Rules of Civil Procedure | US Law - Legal Information Institute, https://www.law.cornell.edu/rules/frcp/rule_37

21. Bad Faith Fee-Shifting in Federal Courts: What Conduct Qualifies? - American Constitution Society, https://www.acslaw.org/wp-content/uploads/old-uploads/originals/documents/Singer%20-%20Bad%20Faith%20Fee%20Shifting.pdf

22. VEXATIOUS LITIGATION AND SANCTIONS AGAINST ATTORNEY - Connecticut General Assembly, https://www.cga.ct.gov/2008/rpt/2008-r-0101.htm

23. "The Inherent Power to Impose Sanctions: How a Federal Judge is Like an" by Thomas E. Baker - Florida International University College of Law, https://ecollections.law.fiu.edu/faculty_publications/181/

24. IN THE SUPREME COURT OF FLORIDA CASE NO. SC10-2311 District Court of Appeal No.: 4D09-2555 ROMILDO MEISTER, Petitioner, vs. ELIZ, https://library.law.fsu.edu/Digital-Collections/flsupct/dockets/sc10-2311/10-2311Ini.pdf

25. Rule 69. Execution | Federal Rules of Civil Procedure | US Law - Legal

Information Institute, https://www.law.cornell.edu/rules/frcp/rule_69

26. The Defendant Has Not Written You the Check - Federal Bar Association, https://www.fedbar.org/wp-content/uploads/2010/02/feature3-feb10-pdf-1.pdf

27. Proving Fraud on the Court with Clear and Convincing Evidence - ProveMyFloridaCase.com, https://provemyfloridacase.com/proving-fraud-on-the-court-with-clear-and-convincing-evidence/

## Certificate of good-faith conferral

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Plaintiffs initiated a good-faith conferral on by sending an email to counsel for the defendants, including Javier Coronado and Carlos Sardi.

The response from defense counsel demonstrated a clear lack of good-faith conferral. On August 4, 2025, Mr. Coronado responded by stating, "We reject your email's allegations and oppose your contemplated motion. If you choose to proceed, we will seek sanctions under 28 U.S.C. § 1927 and the Court's inherent authority based on your unreasonable and vexatious multiplication of these proceedings".[1] This response contained no attempt to resolve the issue but instead threatened sanctions against the *pro se* Plaintiffs for seeking to correct the record. This stance was immediately and explicitly supported by Carlos Sardi, who responded to the thread on August 5, 2025, with the message, "I agree with Mr. Coronado. Please govern yourselves accordingly".[1] In a subsequent email, Mr. Sardi stated that the Plaintiffs' email was "not even dignified for I to give you a formal response" and warned, "Be warned that we will seek sanctions against all of you if you do. Your vexatious litigation tactics for a case that has been already dismissed has already been noted. Proceed at your own risk".[1] Plaintiffs' subsequent email on August 6, 2025, noted Mr. Sardi's concurrence and accused Sardi Law of "undisclosed joint coordination" with DRT in a "concerted effort against Plaintiffs since at least October 2024".[1] Plaintiffs argued that this conduct, which included the refusal to provide a

substantive response and the coordinated threats of sanctions, was the true cause of the "unreasonable and vexatious multiplication of these proceedings".

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of July, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

Ivan R. Freites C., Pro Se

4370 NW 107th Ave., Apt. 102

Doral, FL 33178